IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BAKER,

      Plaintiff,                  No. 2:09-cv-2757 MCE KJN P

   vs.

PEREZ, et al.,

      Defendants.         <u>ORDER</u>

_____/

        On September 30, 2010, plaintiff filed a motion for an extension of time to conduct discovery and a motion requesting that prison officials be ordered to provide him with access to his legal property and prescription reading glasses. Plaintiff alleges that he was transferred from the Substance Abuse Training Facility-Corcoran ("SATF-Corc") to Pleasant Valley State Prison ("PVSP") on August 30, 2010, without his legal property and prescription reading glasses. Plaintiff alleges that he cannot prosecute this action without access to his legal property and prescription reading glasses.

        No defendants in this matter are located at PVSP. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the

court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

The court is concerned that it will lose jurisdiction if plaintiff is unable to prosecute this action. Accordingly, the Warden of PVSP is ordered to respond to plaintiff's request for access to his legal property and prescription reading glasses.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, the Warden of PVSP shall inform the court of the status of plaintiff's access to his legal property and prescription reading glasses;

2. The Clerk of the Court is directed to serve this order on Warden of PVSP, P.O. Box 8505, Coalinga, CA, 93210-8505.

DATED: October 15, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bak2757.ord