1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL BAKER,

11           Plaintiff,              No. 2: 09-cv-2757 MCE KJN P

12      vs.

13   PEREZ, et al.,

14           Defendants.              <u>ORDER</u>

15   _____/

16           Plaintiff is a state prisoner proceeding without counsel with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  Plaintiff is presently incarcerated at Pleasant Valley State Prison

18   ("PVSP").

19           On March 21, 2011, plaintiff filed a motion to compel.  Plaintiff alleges that he

20   asked prison officials to copy his responses to defendants' discovery requests.  Plaintiff alleges

21   that prison officials refused to make the copies because plaintiff's document was over 50 pages.

22   Prison officials told plaintiff that they would not copy documents over 50 pages without a court

23   order pursuant to a PVSP policy.

24           No defendants in this matter are located at PVSP.  Usually persons or entities not

25   parties to an action are not subject to orders for injunctive relief.  <u>Zenith Radio Corp. v. Hazeltine</u>

26   <u>Research, Inc.</u>, 395 U.S. 100 (1969).  However, the fact that one is not a party does not

                                    1

1  automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the

2  court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the

3  usages and principles of law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685

4  (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977).  This section

5  does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is

6  meant to aid the court in the exercise and preservation of its jurisdiction.  Plum Creek Lumber

7  Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

8           The court is concerned that it will lose jurisdiction if plaintiff is unable to respond

9  to defendants' discovery requests.  Accordingly, the Warden of PVSP is ordered to respond to

10  plaintiff's allegations regarding his inability to obtain copies of documents over 50 pages.

11           Accordingly, IT IS HEREBY ORDERED that:

12           1.  Within fourteen days of the date of this order, the Warden of PVSP shall

13  respond to plaintiff's allegations regarding his inability to obtain copies of documents over 50

14  pages;

15           2.  The Clerk of the Court is directed to serve this order on Warden of PVSP, P.O.

16  Box 8505, Coalinga, CA, 93210-8505.

17  DATED:  April 7, 2011

18

19                                              _____
                                                KENDALL J. NEWMAN
20                                              UNITED STATES MAGISTRATE JUDGE

21  bak2757.alw

22

23

24

25

26