IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BAKER,

    Plaintiff,                               No. 2: 09-cv-2757 MCE KJN P

   vs.

PEREZ, et al.,

    Defendants.             ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at Pleasant Valley State Prison ("PVSP").

       Pending before the court is plaintiff's March 21, 2011 motion to compel. Plaintiff alleges that he asked prison officials to make copies of various documents. Plaintiff alleges that prison officials refused to make the copies because plaintiff's documents were over 50 pages. Prison officials allegedly told plaintiff that they would not copy documents over 50 pages without a court order pursuant to PVSP policy.

       No defendants in this matter are located at PVSP. Usually persons or entities not parties to an action are not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). However, the fact that one is not a party does not

automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court plenary power to act in any way it wishes; rather, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).

Pursuant to the All Writs Act, on April 8, 2011 the court ordered the Warden of PVSP to respond to plaintiff's motion to compel within fourteen days. Fourteen days passed and the Warden did not respond. Accordingly, on May 6, 2011 the court ordered the Warden of PVSP to show cause why he should not be ordered to appear in court to address his failure to respond to the April 8, 2011 order.

On May 13, 2011, the Warden of PVSP filed a response to the show cause order and a response to plaintiff's motion to compel. According to the response to the show cause order, the Warden failed to respond to the May 13, 2011 order because of confusion caused by a change in Litigation Coordinators at PVSP. Good cause appearing, the order to show cause is discharged.

In response to the motion to compel, the Warden states that Cal. Code Regs. tit. 15, § 3162(c) provides that a legal document to be duplicated for any inmate shall be limited to the maximum number of pages needed for filing, not to exceed 50 pages in total length, except when necessary to advance the litigation. This regulation further provides that the inmate shall provide to designated staff a written explanation of the need for excess document length. Additionally, Chapter 10 Article 12 Section 101120.15 of the Department Operations Manual provides that in no event shall staff be required to duplicate a legal document exceeding 100 pages in length in the absence of a court order directing duplicating.

////

1     Plaintiff's motion to compel alleges that prison officials refused to make copies of
2 answers to defendants' interrogatories that were 66 pages long.  Plaintiff also alleges that prison
3 officials refused to make copies of his motion to compel because it was 140 pages long.
4     According to the regulations discussed above, plaintiff did not require a court
5 order to obtain copies of his answers to interrogatories because this document was 66 pages long.
6 Rather, plaintiff was required to submit a written explanation as to why he required the lengthy
7 copies.  Accordingly, the motion to compel as to this request is denied because plaintiff may
8 obtain the copies if he submits a written explanation.
9     As for plaintiff's 144 page motion to compel, plaintiff alleges that he seeks to
10 compel further responses to request for admissions (sets one and two), interrogatories (set one)
11 and request for productions of documents (set one).  Plaintiff alleges that his motion to compel is
12 lengthy because there are five defendants and several discovery requests are at issue.  Good cause
13 appearing and in accordance with the regulations, prison officials are directed to copy the 144
14 page motion to compel referenced in plaintiff's March 21, 2011 pleading.
15     Accordingly, IT IS HEREBY ORDERED that:
16     1. Plaintiff's motion to compel filed March 21, 2011 (Dkt. No. 54) is granted in
17 part and denied in part;
18     2. Within seven days of the date of this order, the Warden of PVSP shall provide
19 plaintiff with a copy of the 144 page motion to compel referenced in his March 21, 2011
20 pleading; within seven days thereafter, plaintiff shall serve defendants with this motion;
21 defendants' response is due within fourteen days thereafter;
22     3. The order to show cause directed to the Warden of PVSP is discharged;
23 ////
24 ////
25 ////
26 ////

1        4. The Clerk of the Court shall serve a copy of this order on the Warden of
2   Pleasant Valley State Prison, P.O. Box 8505, Coalinga CA, 93210-8505.
3   DATED: May 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ba2757.com