1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL BAKER,

11            Plaintiff,              No. 2:09-cv-2757 MCE KJN P

12        vs.

13   PEREZ, et al.,

14            Defendants.             ORDER

15   _____/

16   I.  Introduction

17            Plaintiff is a state prisoner proceeding without counsel with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  This action is proceeding on the amended complaint filed April 5,

19   2010.  Plaintiff alleges that he was repeatedly denied access to pain medication, as a result of

20   which he suffered pain and symptoms of withdrawal.

21            Pending before the court is plaintiff's motion to compel filed April 18, 2011.

22   Plaintiff alleges that defendants failed to adequately respond to:  his request for production of

23   documents (set two); and request for admissions addressed to defendant Medina (set three).

24            For the following reasons, plaintiff's motion is granted in part and denied in part.

25   ////

26   ////

1

II.  Discussion

     A.  Timeliness

     Plaintiff first argues that defendants' responses to his discovery requests were untimely.  For the following reasons, the undersigned finds that defendants' responses were not untimely.

     Pursuant to the September 15, 2010 scheduling order, responses to written discovery requests are due forty-five days after the request is served.  (Dkt. No. 22, at 5.)  On February 23, 2011, defendants were ordered to respond to the at-issue discovery requests.  (Dkt. No. 53, at 2.)  Defendants served plaintiff with their responses on March 21, 2011.  In their opposition to the pending motion, defendants argue that these responses were served within the forty-five day time limit ordered by the court.[1]

     For the reasons stated by defendants, the undersigned finds that defendants' responses to the at-issue discovery requests were timely.

     B.  Request for Production of Documents

     Plaintiff's motion to compel disputes defendants' responses to request for production of documents nos. 1-6, 8, 9, 10 and 14.[2]

     Plaintiff's first six requests ask defendants to produce all documents in support of their six affirmative defenses.  In response to all six requests, defendants responded,

> Defendants object to this request on the grounds that it is over broad, vague and not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, the information is not within the defendants' personal knowledge, possession, custody or control.  In the event defendants gain possession, custody or control of these documents, defendants will supplement their

[1]  The February 23, 2011 order did not set a date for defendants to serve their responses. For this reason, in accordance with the scheduling order, they were due within forty-five days of the order.

[2]  In their opposition to the pending motion, defendants address request for production no. 12. The undersigned does not find that plaintiff's motion to compel disputes their response to request no. 12.

1    answers.

2          In their opposition to the pending motion to compel, defendants argue that they do

3    not yet have any documents in their possession, custody or control that would respond to

4    plaintiff's request for documents supporting their six affirmative defenses.

5          Defendants' affirmative defenses are as follows: 1) plaintiff fails to state a claim

6    upon which relief can be granted; 2) qualified immunity; 3) plaintiff fails to state facts sufficient

7    to state a cause of action for punitive damages; 4) defendants are not liable for injury or damages,

8    if any, caused by an exercise of discretion; 5) defendants are not liable for any injury or damages,

9    if any, resulting from the failure to discharge any mandatory duties as reasonable diligence was

10   exercised to discharge any duty there may have been; 6) to the extent plaintiff suffered any injury

11   it was the result of his own actions.  (Dkt. No. 20.)

12         One proper discovery vehicle for seeking information regarding an affirmative

13   defense is to serve a contention interrogatory under Federal of Civil Procedure 33(a)(2) and then

14   to serve a complementary request for production of documents supporting a defendant's

15   affirmative defenses.  See National Academy of Recording Arts & Sciences Inc. v. On Point

16   Events, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009).  "Requiring a defendant to answer a

17   contention interrogatory and to produce documents that support its affirmative defense is

18   "'[c]onsistent with Rule 11 of the Federal Rules of Civil Procedure,' which requires parties [to]

19   have some factual basis for their claims and allegations."  Id. (internal citations omitted.)

20         At this stage of the litigation, defendants may not avoid their duty of responding

21   to plaintiff's discovery requests by claiming that they do not "yet" have the documents.  To the

22   extent that the defendants have, or can readily obtain access to the documents, they must produce

23   them to plaintiff.  However, because plaintiff did not serve defendants with related contention

24   interrogatories, the undersigned cannot evaluate plaintiff's motion to compel as to request nos. 1-

25   6, at least some of which appear to be based solely upon legal issues (i.e. qualified immunity).

26   Had plaintiff served contention interrogatories regarding the affirmative defenses, defendants

may have proffered valid objections.  In that case, the related request for production of documents would have been denied.  While defendants' objection that they do not yet have the requested documents is not meritorious, plaintiff's motion to compel as to request nos. 1-6 is denied as they were not brought with contention interrogatories, and it appears that defendants have produced all documents in their possession.

Request no. 8 seeks "any and all documents to support your contention that plaintiff never had a serious medical needs, as denied in answer to amended complaint paragraph # 27."  In their opposition to the pending motion, defendants state that they do not have access to documents outside plaintiff's unit health record, to which plaintiff has access.  Accordingly, plaintiff's motion to compel is denied on the grounds that defendants have responded that plaintiff has access to all of the responsive documents possessed by defendants.

Request no. 9 seeks, "any and all documents that show any type of counsling [sic], reprimand or any kind of disciplinary action taken against any RN, LVN, or Psyche Tech from 2007 to the present."  In their response to this request and their opposition to the motion to compel, defendants object to this request on grounds that it is overly broad.  The undersigned agrees.  Not every document showing counseling, reprimands or disciplinary action against any RN, LVN or Psych Tech to the present is relevant to this action.  Accordingly, the motion to compel as to request no. 9 is denied.

Request no. 10 seeks, "any and all documents that show from January 2008 through November 2008 the issues raised in plaintiff's appeal (Amended Complaint Appendix "A"), were being addressed [sic] or fixed."  In their opposition to the motion to compel, defendants state that the only documents relating to plaintiff's request are 602 administrative appeals that plaintiff filed complaining of the nurses alleged failure to deliver his medications.  Defendants state that plaintiff already has possession of these appeals.  Defendants observe that these documents are attached to his complaint.

Defendants represent that the only documents responsive to request no. 10 are

4

attached to plaintiff's complaint.  Because plaintiff has possession of these documents, the

motion to compel as to request no. 10 is denied.

Request no. 14 seeks all documents that "support your denial in answer for

amended complaints paragraph # 43."   Paragraph 43 of the amended complaint states, "By

November 2008, defendants Miller and Swingle had failed to take any reasonable measure to

abate the serious harm to inmates housed in Z unit at HDSP."  (Dkt. No. 14, at 12.)   In response

to this request, defendants raised a variety of objections including the request being over broad.

The undersigned agrees that request no. 14 does not describe with sufficient particularity the

documents sought.  Accordingly, the motion to compel as to request no. 14 is denied.

Fed.R.Civ.P. 34(b) (1)(A).

C.  Request for Admissions

Plaintiff argues that defendant Medina did not adequately respond to request for

admissions nos. 4 and 5.

Request for admission no. 4 asked, "Admit the 7362 sick call that is dated by

plaintiff as 11-6-08 and signed by St. Laurent is referring to you with the words written, 'Seen by

PCP.'"  Request for admission no. 5 asks, "Admit you were working/covering facility D yard on

11/6/08."  To both requests, defendant initially responded, "After reasonable investigation,

defendant lacks sufficient knowledge or information to admit or deny this question."

In the opposition to plaintiff's motion to compel, defendants state that defendant

Medina does not have the sick call slip referred to in request no. 4 so he cannot determine to

whom St. Laurent is referring.  In addition, defendant Medina did not write the sick call slip.  For

these reasons, the undersigned finds that defendant Medina adequately responded to request no.

4.

As for request no. 5, in the opposition to plaintiff's motion to compel, defendants

also state that "11/6/08" was nearly two and a half years ago, and defendant Medina does not

remember working on D yard.  Fed. R. Civ. P. 36 provides that the party answering a request for

1  admission may assert a lack of knowledge or information only if the party states that it has made

2  a reasonable inquiry.  It is unclear whether defendant Medina made a reasonable inquiry in

3  determining whether he worked on D yard on November 6, 2008.  This information may be

4  readily available in prison records.  Accordingly, defendant Medina is directed to serve plaintiff

5  with a supplemental response to this request.

6          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Dkt.

7  No. 56) is granted with respect for admission no. 5; within twenty-one days of the date of this

8  order, defendant Medina shall serve plaintiff with a supplemental response to this request;

9  plaintiff's motion to compel is denied in all other respects.

10  DATED:  June 7, 2011

12                                            _____

13                                            KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

14  bak2757.mtc