1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL BAKER,

11            Plaintiff,              No. 2:09-cv-2757 MCE KJN P

12        vs.

13   PEREZ, et al.,

14            Defendants.            <u>ORDER</u>

15   _____/

16   I.  <u>Introduction</u>

17            Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  This action is proceeding on the amended complaint filed April 5,

19   2010.  Plaintiff alleges that he was repeatedly denied access to pain medication, as a result of

20   which he suffered pain and symptoms of withdrawal.

21            On March 21, 2011, plaintiff filed a motion to compel alleging, in part, that prison

22   officials refused to copy his 140 page motion to compel.  On May 20, 2011, the undersigned

23   ordered the Warden of Pleasant Valley State Prison to copy the motion to compel.  The

24   undersigned further ordered plaintiff to serve defendants within this motion within seven days

25   thereafter, and ordered defendants to file a response within fourteen days.

26   ////

On June 20, 2011, defendants filed their opposition to plaintiff's motion to compel. While plaintiff did not file a copy of his motion to compel with the court, defendants' opposition adequately describes the outstanding discovery disputes. Plaintiff did not file a reply to defendants' opposition. For the following reasons, plaintiff's motion is granted in part and denied in part.[1]

II.  Discussion

    A.  Request for Admissions, Sets One and Two

In request nos. 3-13 (set one) and nos. 1-2 (set two), plaintiff asks defendants to admit that various documents are what he claims them to be. For example, request no. 4 asks defendants to admit that attached 602HC, page 298-99 is a genuine copy of a document that requests copies of his medical file due to court action.

In their opposition to the motion to compel, defendants state that plaintiff sent defendants a large set of disorganized documents that were impossible to identify. Defendants state that they were unable to recognize many of the documents. Defendants state that because plaintiff did not organize the hundreds of pages of documents attached to the request for admissions, defendants could not admit their genuineness. Defendants also object that plaintiff failed to lay the foundation to establish the genuineness of the documents. Defendants state that it is unknown what these documents indicate or where they came from. Defendants also state that plaintiff has other means to verify the documents, such as by asking the custodian of records. Defendants observe that in the motion to compel, plaintiff concedes that he is asking the custodian to verify his records.

Defendants objections have merit. Defendants cannot be ordered to verify documents that they cannot identify. Similarly, defendants cannot be asked to verify documents when plaintiff has failed to lay the foundation for their genuineness. In addition, it appears that

---

[1]  Plaintiff's failure to comply with the court's order is grounds to deny plaintiff's motion. Nevertheless, in an abundance of caution, the undersigned addresses the merits of the motion.

1  plaintiff is capable of verifying the documents on his own through other means.  Accordingly, the

2  motion to compel as to these requests is denied.

3              B.  Request for Production of Documents, Set One

4              *Request Nos. 1-5*

5              Request nos. 1-5 sought various log books from 2008 and 2009.  The log books

6  contained records regarding the administrative segregation unit (request nos. 1, 2), receiving and

7  release building (request no. 3), and log books regarding nurse and doctor schedules (request nos.

8  3, 4).

9              In their original responses, defendants stated that after a reasonable search and

10  diligent inquiry, no documents responsive to the requests could be located.  Defendants stated

11  that if they gain possession, custody or control of these documents, they will supplement their

12  answers.  In their opposition to the motion to compel, defendants further state that they are

13  medical personnel at High Desert State Prison ("HDSP"), so they do not have access to the log

14  books for various buildings at HDSP.  Defendants state that they asked HDSP for the requested

15  log books, but HDSP has not been able to produce any of the logbooks at this time.  Defendants

16  state that log books are only kept for a couple of years and then they are moved to storage, over

17  which defendants have no authority or access.  Defendants state that logbooks are not stored

18  electronically, as plaintiff argues.

19              The reach of Federal Rule of Civil Procedure 34, which governs requests for

20  production, "extends to all relevant documents, tangible things and entry upon designated land or

21  other property."  Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472–73 (1998), citing 8A C.

22  Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.  Rule 34 does require that the

23  party upon whom a request is served "be in possession, custody, or control of the requested

24  item."  Id., at 473, citing Estate of Young v. Holmes, 134 F.R.D. 291, 293 (D.Nev. 1991).  Under

25  Rule 34, "[c]ontrol is defined as the legal right to obtain documents upon demand. [Citation.]

26  The party seeking production of the documents ... bears the burden of proving that the opposing

3

1  party has such control." <u>U.S. Int'l Union of Petroleum and Indus. Workers, AFL–CIO</u>, 870 F.2d
2  1450, 1452 (9th Cir. 1989).

3          As employees of the medical department, it is clear that defendants would not
4  have "possession, custody or control" of stored records regarding administrative segregation and
5  receiving and release.  As the Chief Medical Officer, defendant Swingle is most likely to have
6  access to the stored records regarding doctors and nurses schedules.  However, defendants state
7  that they requested these documents from HDSP and HDSP was unable to produce them.  The
8  court cannot order defendants to produce documents that they are unable to access.  For these
9  reasons, the motion to compel as to these requests for production of documents is denied.

10                      *Request Nos. 6-9*

11          Request no. 6 sought all documents located in plaintiff's "114" file.  Defendants
12  responded that these documents are in plaintiff's central file, which is available for plaintiff's
13  inspection.  In the motion to compel, plaintiff argued that prison officials told him that they could
14  not find these documents in his central file.  In their opposition to the motion to compel,
15  defendants state that plaintiff's central file is the only location where the "114" file would exist.

16          According to defendants, plaintiff's "114" file is in his central file.  Plaintiff has
17  been informed that the "114" file is not in his central file.  Defendants are not obligated to
18  conduct a search in order to determine where plaintiff's "114" file is located, assuming it exists.
19  Accordingly, the motion to compel as to this request is denied.

20          Request no. 7 sought all documents regarding a hunger strike that occurred in the
21  HDSP Z-Unit that began on February 28, 2009.  Defendants responded that this request sought
22  information not reasonably calculated to lead to the discovery of admissible evidence.
23  Defendants also objected that most of the requested information was not within their possession,
24  custody or control, although defendants produced to plaintiff the documents within their control.

25          Because defendants have produced to plaintiff all documents regarding the hunger
26  strike within their possession, custody or control, the motion to compel as to this request is

4

denied.

Request no. 8 sought all formal and informal written complaints against any defendant alleging any medical misconduct, failure to perform assigned duties, negligence, deliberate indifference, etc. that occurred prior to February 28, 2009.  Request no. 9 sought the same information against "any CDCR HDSP Medical Personnel" from January 1, 2005, to the present.

Defendants objected that these requests were irrelevant, overbroad and may seek confidential information.  These requests are clearly overbroad.  Not every complaint made against every defendant or HDSP Medical Personnel during the time periods sought alleging medical misconduct is relevant to this action.  Accordingly, the motion to compel as to these requests is denied.

Request no. 10 sought all documents regarding medication/distribution policies in effect at HDSP.  In response, defendants initially produced several documents.  Request no. 11 sought all documents regarding policies concerning inmates receiving medication when they are transferred.  In response, defendants initially informed plaintiff that no documents responsive to the request could be located.  Defendants stated that if they gain possession of responsive documents, they would supplement their response.  In the opposition to the motion to compel, defendants state that in addition to the documents originally provided, they have supplemented their answers with hundreds of pages of additional documents.  Defendants state that they have nothing more to add.

It is unclear whether defendants supplemented their response to request no. 10 or no. 11, or both.  In any event, plaintiff has not demonstrated that the documents produced did not adequately respond to this request.  Regarding request no. 11, the court cannot order defendants to produce documents that do not exist.  If defendants did supplement their response, plaintiff has not demonstrated how the supplemental response did not adequately respond to his request.  Accordingly, the motion to compel as to these requests is denied.

1          Request No. 12 sought all documents regarding the training of medical personnel

2   at HDSP, including policies concerning medication distribution and "man down" procedures.

3   Defendants objected that this request was overbroad, vague and not reasonably calculated to lead

4   to the discovery of admissible evidence.  Request no. 12 is overbroad as not every policy

5   regarding the training of medical personnel at HDSP is relevant to this action.  Accordingly, the

6   motion to compel as to this request is denied.

7          Request No. 13 sought all records stating how many Registered Nurses and

8   Licensed Vocational Nurses were employed at HDSP from 2000 to the present.  Request no. 14

9   sought all records stating how many inmates were housed at HDSP each year starting from 2000

10   to the present.

11          Defendants objected that request nos. 13 and 14 were overbroad and sought

12   information not reasonably calculated to lead to the discovery of admissible evidence.

13   Defendants state that plaintiff's complaint does not contain a claim alleging overcrowding or a

14   lack of medical care due to overcrowding.  Without waiving objection, defendants produced

15   documents in response to request no. 14.

16          Plaintiff has not demonstrated that the documents defendants produced did not

17   adequately respond to request no. 14.  In addition, the undersigned has reviewed the complaint

18   (Dkt. No. 1) and it does not appear that plaintiff is claiming that the alleged inadequate medical

19   care occurred as a result of overcrowding.  For this reason, the motion to compel as to these

20   requests is denied.

21          Request no. 15 sought all documents regarding plaintiff's MAR activity sheets.

22   Defendants responded, in part, that the request was overbroad in that not every MAR activity

23   sheet was relevant to plaintiff's claims.  Defendants additionally objected that the documents

24   plaintiff requested were kept in his unit health record, which is available for plaintiff's inspection

25   and copying.  Because the request is overbroad and because plaintiff himself has access to the

26   MAR activity sheets, which are contained in his unit health record, the motion to compel as to

6

1   this request is denied.

2           Request no. 16 sought the California Department of Corrections and

3   Rehabilitation ("CDCR") numbers and housing addresses of three inmates identified by name

4   and two inmates identified by where they were housed in 2008.  Defendants objected that this

5   was not a request for production of documents but, rather, an interrogatory.  Defendants also

6   objected that they do not have possession, custody or control of any documents regarding these

7   inmates' locations and CDCR numbers.  Request no. 16 is denied as it is not a request for

8   production of documents.  The request is also denied because defendants state that they do not

9   have access to the requested information.

10          Request no. 17 sought all documents regarding plaintiff's Institutional

11  Classification Committee hearing from November 14, 2008, including the 128 G chrono.

12  Without waiving objection, defendants responded that the requested documents were equally

13  available to plaintiff in his central file.  Because plaintiff has equal access to the documents

14  requested, the motion to compel as to this request is denied.

15          Request No. 18 sought the CDCR numbers and current housing addresses of four

16  inmates, identified by plaintiff only by where they were housed in January 2009.  Defendants

17  objected that request no. 18 was not a request for production of documents, but an interrogatory.

18  Defendants also objected that the request is vague and overbroad, and that they should not be

19  forced to subpoena the requested information on plaintiff's behalf.  All of defendants' objections

20  to this request have merit.  Accordingly, the motion to compel as to request no. 18 is denied.

21          C.  Interrogatories to Defendant Medina

22          At issue are interrogatories nos. 1, 2, 3, 12-16.

23          Interrogatory no. 1 asks defendant to "state all facts upon which you based your

24  contention to not have the plaintiff treated for his serious medical need on November 10, 2008

25  when you chose to discontinue (D/C) plaintiff's mediation of Tramadol 50 mg 4 x day without

26  seeing or talking to the plaintiff."  Defendant objected that this interrogatory lacked foundation

7

because defendant Medina did not contend that he did not have plaintiff treated for his serious medical need.  Interrogatory no. 3 asks defendant to describe each document that supports his "contentions as answered above."  Defendant objected that he does not contend that he did not have plaintiff treated for his serious medical need.

In the opposition to the motion to compel, defendant argues that interrogatories nos. 1 and 3 assume facts that are not in evidence and expect defendant to answer questions based on a scenario that did not occur.  The undersigned agrees that these interrogatories are improperly framed for the reasons stated by defendant.  Accordingly, the motion to compel is denied as to these requests.[2]

Defendants' opposition to the motion to compel contains defendants' response to interrogatory no. 2 but inadvertently omits the interrogatory.  Plaintiff did not file a reply to defendants' opposition addressing this issue.  Because it is plaintiff's burden to demonstrate that defendant did not adequately answer this interrogatory, and he did not file a reply clarifying interrogatory no. 2 addressed to defendant Medina, the motion to compel as to this request is denied.

Interrogatory no. 12 asks defendant to describe any CDCR policy regarding prescription narcotics to inmates that differs from how he would treat a free citizen.  Defendant objected that this interrogatory was irrelevant.  Defendant argues that how narcotics are prescribed outside of prison is not relevant to whether defendant failed to treat plaintiff.  The undersigned agrees that how non-prisoners are prescribed narcotics is not relevant to whether defendant acted with deliberate indifference to plaintiff's serious medical needs.  Accordingly, the motion to compel as to this request is denied.

Interrogatory no. 13 asks defendant to detail why "various treatments such as

---

[2] Plaintiff may be seeking information limited to why defendant chose to discontinue plaintiff's prescription to Tramadol, but that is unclear from the interrogatory, and, as noted, plaintiff failed to comply with the court's order or file a reply explaining why he contended defendant's response was inadequate.

physical therapy, pain management, acupuncture, etc. why surgery (in general) should remain the last possible choice." Defendant objected that the information sought was irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objected that the interrogatory was based on an incomplete hypothetical. The undersigned agrees that this interrogatory is based on an incomplete hypothetical. Accordingly, the motion to compel as to this request is denied.

Interrogatory no. 14 asks defendant to describe the effects a body goes through when "on a narcotic one year straight is suddenly stopped and why? Please use Tramadol as the reference for this interrogatory of 200 mg a day use." Defendant objected that this interrogatory was vague and irrelevant as to whether defendant refused to give plaintiff medical treatment. Defendant further objected that the interrogatory was an incomplete hypothetical and impossible for defendant to answer. Defendant also stated that Tramadol is not a narcotic, so it is not possible to describe the withdrawals that the body would go through when Tramadol is discontinued.

The undersigned agrees that defendant cannot answer this interrogatory based upon defendant's response that Tramadol is not a narcotic. As such, request no. 14 is an incomplete hypothetical. Accordingly, the motion to compel as to this request is denied.

Interrogatory no. 15 asks defendant to describe how many training courses he has taken about narcotic use and to state the year the course was taken. Defendant responded that he "received general physicians assistant training but does not recall how many, when, or which courses he was enrolled in. Medina did not take any training specifically on narcotics." In the opposition to the motion to compel, defendant states that he answered the interrogatory to the best of his ability. The undersigned finds that defendant Medina adequately answered interrogatory no. 15. Accordingly, the motion to compel as to this request is denied.

Interrogatory no. 16 asks defendant to describe all civil lawsuits brought against him by a prisoner or their family "in the course of you treating inmate patients at any state

1  prison." Defendant objected that this request was irrelevant and not reasonably calculated to lead

2  to the discovery of admissible evidence. Not every lawsuit filed against defendant Medina by an

3  inmate or their family is relevant to this action. Accordingly, the motion to compel as to this

4  request is denied.

5          D. Request for Admissions to Defendant Medina

6          At issue are request nos. 68-73, 76, 82, 88, 90-93, 96.

7          Request no. 68 asks defendant to "admit the last time you saw plaintiff prior to his

8  transfer to Corcoran SHU in July 2008 you prescribed Tramadol 50 mg 2x day." Defendant

9  objected that this request was vague and ambiguous. Without waiving objection, defendant

10 responded that after a reasonable investigation he lacked sufficient knowledge or information to

11 admit or deny this question. In the opposition to the motion to compel, defendant states that he

12 does not remember the treatment he gave to plaintiff and that a review of plaintiff's medical

13 records offers no "clarity."

14         Plaintiff is clearly asking defendant to admit that he prescribed Tramadol for

15 plaintiff the last time he treated or examined plaintiff prior to plaintiff's transfer to Corcoran in

16 July 2008. It is unclear why plaintiff's medical records would not provide "clarity" on this point.

17         If a request for admission is not admitted, the party may state in detail why the

18 answering party cannot truthfully admit or deny it. Fed. R. Civ. P. 36(a)(4). A party may assert

19 lack of knowledge or information as a reason for failing to admit or deny only if the party states

20 that it has made a reasonable inquiry and that the information it knows or can readily obtain is

21 insufficient to enable it to admit or deny. Id. Accordingly, defendant is directed to file with the

22 court a further response to request no. 68 addressing why plaintiff's medical records cannot

23 provide clarity regarding this request.

24         Request no. 69 asks, "Admit once plaintiff left HDSP in July 2008 you did not

25 check on his health while he was housed in Corcoran SHU." Defendant objected that this

26 request was vague and ambiguous, and that he lacked sufficient knowledge to admit or deny this

1   request.  While this request is vague as to what plaintiff means by "check on," defendant should

2   be able to admit or deny whether he obtained any information about plaintiff's medical condition

3   while plaintiff was housed in the Corcoran SHU (or state in detail why the answering party

4   cannot truthfully admit or deny it, i.e. he has no recollection and there are no documents that

5   could refresh his recollection ).  Accordingly, defendant is directed to file with the court a further

6   response to request no. 69.

7          Request no. 70 asks defendant to admit that he did not see or talk to plaintiff from

8   the point of his transfer in July 2008 through November 2008.  Defendant objected that this

9   request was vague and ambiguous.  Defendant also responded that after reasonable investigation,

10  he lacked sufficient knowledge to admit or deny this request.  The defendant should be able to

11  admit or deny whether he had any contact with plaintiff while plaintiff was housed in the

12  Corcoran SHU (or state in detail why the answering party cannot truthfully admit or deny it, i.e.

13  he has no recollection and there are no documents that could refresh his recollection ).  While

14  defendant may be responding that he does not recall whether he had any contact with plaintiff

15  during the requested time period, that is not clear from defendant's response.  Accordingly,

16  defendant is directed to file with the court a further response to request no. 70.

17         Request no. 71 asks defendant to admit that he was aware of plaintiff's medical

18  complaints on November 10, 2008.  Defendant objected that this request was vague and

19  ambiguous.  Defendant also responded that after reasonable investigation, he lacked sufficient

20  knowledge or information to admit or deny the request.

21         While the request may be vague, defendant is directed to respond to request no. 71

22  to the best of his ability.[3]

23         Request nos. 72 and 73 ask defendant to admit that he discontinued plaintiff's

24

25         [3]  In his declaration submitted in support of defendants' summary judgment motion,
26  defendant states that, "[i]n November of 2008, I was extremely familiar with Baker's medical
    history..."  (Dkt. No. 71-3 at 2.)

1    prescription of Tramadol 50 mg 4 x day on November 10, 2008.  Defendant responded that after

2    a reasonable investigation, he lacked sufficient knowledge to admit or deny this question.

3           Plaintiff's medical records should reflect whether or not defendant discontinued

4    plaintiff's Tramadol prescription on November 10, 2008.  Accordingly, defendant is directed to

5    provide a further response to these requests for admission addressing why plaintiff's medical

6    records cannot provide clarity regarding these requests.  Fed. R. Civ. P. 36(a)(4).[4]

7           Request no. 76 asks defendant to admit that nerve damage to "ones leg may effect

8    his normal movement, making it very painful to walk and do normal activities."  Defendant

9    responded that this request was vague and ambiguous.  Defendant also responded that upon

10   reasonable investigation, he lacked sufficient knowledge or information to admit or deny this

11   request.  This request is vague and overbroad.  Plaintiff does not describe the nerve damage on

12   which he bases his hypothetical.  Accordingly, the motion to compel as to this request is denied.

13          Request no. 82 asks defendant to admit that Dr. Nepomuceno was his superior in

14   December 2008.  Defendant responded that he lacked sufficient knowledge or information to

15   admit or deny this request.  It is unclear why defendant Medina could not discover through a

16   reasonable inquiry whether Dr. Nepomuceno was his superior in December 2008.  Accordingly,

17   defendant Medina is directed to inform the court of the reasonable inquiry he conducted prior to

18   responding to request no. 82.

19          Request no. 83 asks, "Admit December 17, 2008 you told plaintiff in regards to

20   not getting his medications, 'Problem fixed, I'll re-order them.'"  Defendant responded that after

21   a reasonable investigation, he lacked sufficient knowledge to admit or deny this statement. The

22   undersigned accepts defendant's representation that he lacks sufficient knowledge to respond to

23   this request.  Accordingly, the motion to compel as to this request is denied.

24

25       [4]  In his declaration submitted in support of defendants' summary judgment motion, defendant Medina states that, "I initially stopped Baker's prescription for tramadol in November

26   of 2008..."  (Dkt. No. 71-3 at 2.)  Based on this statement, the undersigned is troubled by defendant's inability to respond to these requests.

1          Request no. 84 asks defendant to admit that on January 21, 2009 he told plaintiff

2   that he would re-order his "all his medications."  Defendant responded that after reasonable

3   investigation, he lacked sufficient knowledge to admit or deny this request.  This request is vague

4   because it is not clear what plaintiff means by "all" of his medications.  It is unclear whether

5   plaintiff is referring only to those medications at issue in the instant action, or other medications

6   prescribed to him.  For these reasons, defendant is not required to provide a further response to

7   this request.

8          Request no. 85 asks defendant to admit "plaintiff explained to you there were two

9   MARS, one showing Tramadol 3 x day the other 3 x day."  Defendant responded that after

10  reasonable investigation, he lacked sufficient information to admit or deny this request.  This

11  request is vague as it does not identify when plaintiff allegedly made this statement to defendant.

12  Accordingly, the motion to compel as to this request is denied.

13         Request no. 88 asks defendant to admit that he never reordered plaintiff's

14  medications on December 17, 2008.  Defendant objected that after reasonable investigation, he

15  lacked sufficient information to admit or deny this request.  Because plaintiff does not identify

16  the medications defendant allegedly failed to re-order, the motion to compel as to this request is

17  denied.

18         Request no. 90 asks defendant to admit that he read at least one memo from

19  CDCR Administration addressing guidelines for prescribing inmates narcotics.  Defendant

20  responded that this request was vague and ambiguous.  Defendant further responded that after

21  reasonable investigation, he lacked sufficient knowledge or information to admit or deny this

22  request.  This request is neither vague nor ambiguous.  It is unclear why, after a reasonable

23  investigation, defendant cannot admit or deny whether he has ever read a memo from the CDCR

24  Administration addressing guidelines for prescribing inmates narcotics.  Accordingly, defendant

25  is directed to file a further response describing the reasonable investigation he undertook

26  regarding this request.

1    Request no. 91 asks defendant to admit that there are differences in how he

2   prescribes pain killers to inmates vs. non-inmates.  Defendant objected that this request was

3   vague and ambiguous as to time and place.  Defendant further responded that after reasonable

4   investigation, he lacked sufficient information to admit or deny this request.

5    The undersigned agrees that request no. 91 is vague and ambiguous.  Accordingly,

6   the motion to compel a further response to this request is denied.

7    Request no. 92 asks defendant to "admit the differences in how you prescribe

8   narcotics to inmates vs. non-inmates are from policies set forth by CDCR."  Defendant objected

9   that this request was vague and ambiguous as to time.  Defendant further responded that after a

10   reasonable investigation, he lacked sufficient knowledge to admit or deny this request.  The

11   undersigned agrees that the request is vague and ambiguous.  Accordingly, the motion to compel

12   as to this request is denied.

13    Request No. 93 asks defendant to admit "you find added restrictions placed upon

14   an inmates eligibility to be prescribed narcotics ethical."  Defendant objected that this request

15   was vague and ambiguous as to time.  Defendant further responded that after a reasonable

16   investigation, he lacked sufficient knowledge to admit or deny this request.  The undersigned

17   agrees that this request is vague and ambiguous.  Accordingly, the motion to compel as to this

18   request is denied.

19    Request no. 96 asks defendant to "admit in your medical opinion a person on pain

20   management for IBS taking Tramadol 50 mg 4 x day stopped suddenly and goes through

21   withdraws, that the combination of experience both could be too much pain for one to handle."

22   Defendant objected that this request was vague and ambiguous as to time.  Defendant further

23   responded that after a reasonable investigation, he lacked sufficient knowledge to admit or deny

24   this request.  The undersigned agrees that this request is vague and ambiguous.  Accordingly, the

25   motion to compel as to this request is denied.

26   ////

14

1     E. <u>Interrogatories to Defendant Swingle</u>

2     At issue are defendant Swingle's responses to interrogatories nos. 10, 15, 21 and

3 23.

4     Interrogatory no. 10 asks defendant,

5    Using MAR's (attached) as a reference please state the LVN or RN
    who was supposed to deliver medications in Z-Unit where the
6    blank spots are without a signature.
    a. January 1, 4, 6, 11, 20, 24 of 2008.
7    b. February 1, 2, 3, 6, 7, 12, 21, 27 of 2008.
    c. April 18, 26 of 2008.
8    d. November 12, 26, 27 of 2008.
    e. December 7, 22, 25 of 2008.
9    f. January 1, 11, 16, 20, 21 of 2009.
    g. November 2, 3, 11, 25 of 2007.
10    h. December 12, 14, 25, 29, 30 of 2007.
    i. May 1, 2, 3, 6, 7, 12, 21, 27 of 2008.
11    j. June 1, 2, 3, 4 of 2008.

12     Defendant objected that this interrogatory was compound, overly burdensome and

13 exceeded the permitted 25 interrogatories without leave of court.  In the opposition to the motion

14 to compel, defendant further argues that plaintiff is asking her to review countless documents

15 spanning nine months.  Defendant states that she does not handle nursing issues so she does not

16 know who was supposed to deliver medications nearly three years ago.

17     Federal Rule of Civil Procedure 33 provides that "[u]nless otherwise stipulated or

18 ordered by the court, a party may serve on any other party no more than 25 written

19 interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).  Interrogatory no. 10

20 violates Rule 33 because, with subparts, it contains more than 25 interrogatories.  Based on

21 defendant's representations in the opposition, the undersigned also finds that the request is

22 burdensome.  Accordingly, the motion to compel as to this interrogatory is denied.

23     Interrogatory no. 15 asks defendant to describe in detail all civil lawsuits brought

24 against her by a prisoner or his family in the course of her "treating" inmate patients at any state

25 prison.  Defendant objected that this request was irrelevant and not reasonably calculated to lead

26 to the discovery of admissible evidence.  The undersigned agrees.  Not every lawsuit filed against

1   defendant by an inmate or his family regarding medical care provided by defendant is relevant to

2   this action.  Accordingly, the motion to compel as to this interrogatory is denied.

3           Interrogatory no. 21 asks defendant to describe in detail her knowledge of and the

4   circumstances surrounding her involvement with the inmate hunger strike that occurred in Z-Unit

5   starting on March 1, 2009.  Defendant responded,

6           Swingle received notice from Norma Acquaviva, Health Care
            Manager, that 120 inmates were on a hunger strike started on
7           March 1, 2009 in Z unit.  Swingle then worked with Doug Peterson
            and Lori Cooley to determine what action needed to be taken.  She
8           gave instructions to her subordinates and the Director of Nurses of
            how to treat and monitor inmates.
9

10          Interrogatory no. 23 asks defendant to identify each document that refers to any of

11   the facts stated in her response to interrogatory no. 21.  Defendant responded, "Attached as

12   exhibit A."

13           In the opposition to plaintiff's motion to compel, defendant states that she

14   answered interrogatories nos. 21 and 23 to the best of her abilities and has nothing further to add.

15   She provided plaintiff with the documents that she had in her possession.  Plaintiff has not

16   addressed how defendant's responses to these interrogatories are inadequate.  The undersigned

17   finds that defendant adequately answered interrogatories nos. 21 and 23.  Accordingly, the

18   motion to compel as to these interrogatories is denied.

19           F.  Request for Admissions to Defendant Swingle

20           At issue are request for admissions 28-38 and 57.

21           Request for admission no. 28 asks defendant to admit that HDSP did not have

22   enough nurses working at various times during 2007 through 2009 to cover all yards efficiently.

23   Defendant objected that the request was vague and ambiguous.  Without waiving objection,

24   defendant responded that she did not have enough information to answer this question.

25   Defendant responded that since she has been at HDSP, Z-unit has not been understaffed from a

26   medical provider perspective.  As Chief Medical Officer, defendant has control over medical

1  providers and has no authority over nursing.

2      The undersigned agrees that the time period plaintiff is asking about, i.e. "various

3  times," is vague.  On this ground, the motion to compel as to this request is denied.

4      Request no. 29 asks defendant to admit that between July 2007 and March 2009,

5  only one nurse was assigned to work in Z-Unit which was Mondays through Fridays second

6  watch only.  Defendant's response to request no. 29 is identical to the response to request no. 28.

7  This request is neither vague nor ambiguous.  While defendant may have had no control over

8  nursing, this does not necessarily mean that she has no knowledge regarding nursing staff.

9  Accordingly, defendant is ordered to provide a further response to this request for admission

10 addressing in detail why she cannot address this request.  Fed. R. Civ. P. 36(a)(4) (if party cannot

11 admit or deny a request, the party must state in detail why the answering party cannot truthfully

12 admit or deny it.)

13     Request no. 30 asks defendant to admit that someone failed to process plaintiff's

14 prescription order of Tramadol ordered November 3, 2008, attached as reference page 176.

15 Defendant objected that the request was vague and ambiguous.  Defendant also responded that

16 she did not have enough information to answer this request based on the information that she has

17 before her.

18     The reference to "page 176" renders request no. 30 vague and ambiguous.

19 Accordingly, the motion to compel a further response to this request is denied.

20     Request no. 31 asks defendant to admit that from July 2007 the quality of medical

21 care given to inmates in Z-Unit did not improve through March 2009.  Defendant denied this

22 request.  Plaintiff has not addressed how this response is inadequate.  Accordingly, the motion to

23 compel as to this request is denied.

24     Request no. 32 asks defendant to admit that nurses did not show up to Z-unit to

25 deliver medications on many occasions from July 2007 through March 2009.  Request no. 33

26 asks defendant to admit that a nurse assigned to deliver medications to Z-Unit, who does not do

so, has then failed to properly to do his or her assigned duty.  Request no. 34 asks defendant to admit that nurses or psych techs who failed to deliver medications to Z-Unit were not counseled from July 2007 to March 2009.  Request no. 35 asks defendant to admit that nurses or psych techs who failed to perform their assigned duties repeatedly (i.e. deliver medications) were not reprimanded.  Request no. 36 asks defendant to admit that nurses or psyc techs who failed to perform their assigned duties repeatedly (i.e. deliver medications) were not fired.  Finally, request no. 57 asks defendant to admit that from July 2007 through March 2009, she did not take reasonable measures to improve the manner/methods in which nurses were to deliver medications to inmates in Z unit.

Defendant objected that request nos. 32-36 and 57 were vague and ambiguous.  Defendant further responded to these requests that she did not have enough information to answer these questions.  Defendant stated that as Chief Medical Officer, she only has control over medical providers and has no authority over nursing.  Regarding request no. 36, defendant further responded that she does not have access to confidential employee personnel information.

The undersigned agrees that all of these requests are vague and overbroad.  For example, the use of the term "many" in request no. 32 is vague.  Request no. 34 is vague because it does not clarify, for example, whether plaintiff is asking whether nurses who failed to deliver their medications once versus more than once were counseled.  Request no. 57 is vague because it is unclear what plaintiff means by "reasonable measures."  Accordingly, the motion to compel as to these requests is denied.

G.  Interrogatory to Defendant Miller

Interrogatory no. 12 asks defendant to describe "every policy, procedure, and practices that governs oversight of subordinates."  Defendant objected, in part, that this interrogatory was over broad.  The undersigned agrees.  Not every policy regarding the oversight of subordinates is relevant to this action.  Accordingly, the motion to compel as to this request is denied.

H.  <u>Request for Admissions to Defendant Miller</u>

At issue are request for admissions nos. 29, 31, 32, 40, 41 and 47.  Defendant responded to all of these requests that, after reasonable investigation, she lacked sufficient knowledge or information to admit or deny the question.

Request no. 29 asks defendant to admit that between July 2007 and March 2009 only one nurse was assigned to work in Z-unit Monday through Friday on the second watch.   It is unclear why defendant Miller, a Supervising Registered Nurse, would not be able to obtain this information after a reasonable investigation.  Accordingly, defendant is ordered to provide a further response to this request for admission addressing in detail the investigation she undertook prior to responding to this request.  Fed. R. Civ. P. 36(a)(4).

Request no. 31 asks defendant to admit that from July 2007 through March 2009 the quality of medical care given to inmates in Z-unit did not improve.  Because defendant is a Supervising Nurse, rather than a medical doctor, the undersigned finds that defendant is not required to provide a further response to request no. 31.

Request no. 32 asks defendant to admit that nurses did not show up to Z-unit to deliver medications on many occasions through July 2007 to March 2009.  The undersigned accepts defendant's representation that she lacks sufficient knowledge to respond to this request. Accordingly, the motion to compel as to this request is denied.

Request no. 40 asks defendant to admit that on or about January 10, 2008, RN John Clark notified defendant that a nurse, or nurses, did not pass out medications to inmates in Z-Unit on January 1st and 6th, 2008.  The undersigned accepts defendant's representation that she lacks sufficient knowledge to respond to this request.  Accordingly, the motion to compel as to this request is denied.

Request no. 41 asks defendant to admit that she spoke to plaintiff "for first level interview on February 26, 2008 on a 602."  Defendant should be able to respond to this request by reviewing plaintiff's grievances.  Fed. R. Civ. P. 36(a)(4).  Accordingly, defendant shall

1   provide a further response to this request.[5]

2        Request no. 47 asks defendant to admit that she never counseled the "two nurses

3   in question of January 1st and 6th of 2008 for failing to deliver medications to Z-Unit."

4   Defendant responded that she could not answer this request because she lacked sufficient

5   knowledge after a reasonable investigation.  The undersigned accepts defendant's representation

6   that she lacks sufficient knowledge to respond to this request.  Accordingly, the motion to

7   compel as to this request is denied.

8        I.  Interrogatories to Defendant Bowers

9        At issue are interrogatories nos. 8, 9, 14 and 15.

10        Interrogatory no. 8 asks defendant to identify all positions, with corresponding

11   dates of employment, that he has held as an employee at any state prison and to describe his job

12   responsibilities.  Defendant responded, "Bowers is a psychiatric technician at High Desert State

13   Prison.  He has been a psych tech for over 20 years in various state hospitals."  In the opposition

14   to the motion to compel, defendant states that he does not remember the specific dates of his

15   employment and that these dates are not relevant.  Defendant has adequately responded to this

16   compound interrogatory.

17        Interrogatory no. 9 asks defendant to describe the training he received, with

18   corresponding times, "in the procedures of providing medical care to inmates ... including but not

19   limited to 'man down' responses, medication distribution ... and the processing of 7362 sick call

20   forms."  Defendant responded that he has participated in ongoing training programs, some of

21   which discuss "man down" responses, medication distribution and the processing of CDCR 7362

22   forms.  In the opposition to the motion to compel, defendant states that he answered this

23   interrogatory to the best of his ability.  He states that he does not recall in detail all the training he

24

25       [5]  In his declaration submitted in support of this request, defendant states that, "[o]n
February 26, 2008 I interviewed Michael Baker with respect to his 602 inmate appeal (HDSP-Z-

26   08-00140.)"  Based on this statement, the undersigned is troubled by defendant's inability to
respond to request no. 41.

1    received and the corresponding dates.  Defendant states that he has admitted that he has received

2    training in the past and that is all that is relevant to plaintiff's claims.  The undersigned finds that

3    defendant has adequately answered this interrogatory.

4            Interrogatory no. 14 asks defendant to describe the effects the "human body goes

5    through when on a narcotic for one year straight is suddenly stopped and why?"  Defendant

6    objected to this interrogatory on grounds that it was irrelevant, not reasonably calculated to lead

7    to the discovery of admissible evidence and based on an incomplete hypothetical which is

8    speculative and vague.  The undersigned agrees that this request is a vague and an incomplete

9    hypothetical.

10           Interrogatory no. 15 asks defendant to describe how much training or courses he

11   has taken regarding prescription narcotic use and to state each courses corresponding year.

12   Defendant objected to this interrogatory on grounds that it was vague and ambiguous.  Without

13   waiving objection, defendant responded that he did not remember.  In his opposition to the

14   motion to compel, defendant observes that the term "prescription narcotic use" can involve

15   numerous training and courses.  Defendant argues that plaintiff needs to be more specific

16   regarding what types of training he is looking for.  The undersigned agrees that the request is

17   vague for the reasons stated by defendant.

18           K.  Requests for Admissions to Defendant Bowers

19           At issue are request for admissions 33, 35, 36, 112-28.  In response to all at-issue

20   requests, defendant responded that after reasonable investigation, he lacked sufficient knowledge

21   or information to admit or deny the question.

22           Request no. 33 asks defendant to admit that a nurse assigned to deliver

23   medications to Z-Unit, who does not do so, has then failed to property do his/her assigned duties.

24   In addition to stating that he lacked sufficient information to respond to this request, defendant

25   further objected that this request was vague and ambiguous.  The undersigned agrees that this

26   request is vague and ambiguous.

1       Request no. 35 asks defendant to admit that nurses or psych techs who fail to

2   perform their assigned duties repeatedly (i.e. deliver medication) are not reprimanded.   Request

3   no. 36 asks defendant to admit that nurses or psych techs who failed to perform their assigned

4   duties repeatedly (i.e. deliver medications) are not fired.  The undersigned accepts defendant's

5   representations that he lacks sufficient knowledge to answer these requests.

6       Request no. 112 asks defendant to admit that on November 4, 2008, he conducted

7   rounds in D6 to dispense medication.  Request no. 113 asks defendant to admit that on

8   November 4, 2008, he told plaintiff that he was supposed to get Gabapetin and Tramadol.

9   Request no. 114 asks defendant to admit that on November 5, 2008, plaintiff told him that he was

10  unable to eat, and had stomach pains as well as diarrhea.  Request no. 115 asks defendant to

11  admit that on November 5, 2008, plaintiff handed defendant a 7362 sick call slip.  Request no.

12  116 asks defendant to admit that plaintiff told him that he was "man down" on November 6,

13  2008.

14      The undersigned presumes that plaintiff's medical records would reflect whether

15  defendant saw plaintiff on the days in question in the above requests.  The undersigned presumes

16  that defendant reviewed the relevant records in order to assist him in responding to these

17  requests.  Under these circumstances, the undersigned accepts defendant's representations that he

18  lacks sufficient knowledge to answer these requests.

19      Request no. 117 asks defendant to admit that Officer Brown escorted him during

20  his rounds on November 6, 2008.  The undersigned accepts defendant's representation that after

21  a reasonable investigation he cannot answer this request.

22      Request No. 118 asks defendant to admit that on November 6, 2008, he never

23  examined or treated plaintiff.  The undersigned presumes that plaintiff's medical records would

24  definitively reflect whether or not defendant examined or treated plaintiff on November 6, 2008.

25  Accordingly, defendant is ordered to provide a further response to this request for admission

26  addressing the investigation she understood in order to address this request.  Fed. R. Civ. P.

1   36(a)(4).

2          Request no. 119 asks defendant to admit that on November 6, 2008, plaintiff told

3   him that he could not eat or sleep and his gut was killing him.  No further response to this

4   interrogatory is required unless defendant determines, in supplementing his response to request

5   no. 118, that he examined or treated plaintiff on that day.

6          Request no. 120 asks defendant to admit that on November 7, 2008, plaintiff gave

7   him a 7362 sick call slip for still being in extreme pain, etc.  Request no. 121 asks defendant to

8   admit that when plaintiff handed him the 7362 sick call slip plaintiff asks him, "Where are you

9   going?"  Request no. 122 asks defendant to admit that he told plaintiff that you turn the 7362

10  forms in to his boss and that's all he knows.  Request no. 123 asks defendant to admit that he told

11  plaintiff that St. Laurent is your boss.  The undersigned accepts defendant's representation that

12  after a reasonable investigation he cannot answer these requests.

13         Request no. 124 asks defendant to admit that plaintiff told you that he was "man

14  down" on November 10, 2008.  The undersigned presumes that defendant reviewed all relevant

15  records in determining that he could not respond to this request.  Accordingly, no further

16  response is required.

17         Request no. 125 asks defendant to admit that Officer Boutler was with him when

18  plaintiff stated "man down" on November 10, 2008.  The undersigned accepts defendant's

19  representation that after a reasonable investigation he cannot answer these requests.

20  Accordingly, no further response to this request is required.

21         Request no. 126 asks defendant to admit that on November 10, 2008, he never

22  treated or examined plaintiff.  The undersigned presumes that plaintiff's medical records would

23  definitively reflect whether or not defendant examined or treated plaintiff on November 10, 2008.

24  Accordingly, defendant is ordered to provide a further response to this request for admission

25  addressing in detail why he cannot address this request.  Fed. R. Civ. P. 36(a)(4).

26         Request no. 127 asks defendant to admit that on November 10, 2008,

1   approximately two hours after plaintiff went "man down" defendant came back to D6 housing

2   unit and saw plaintiff on the floor of the holding cage.  Request no. 128 asks defendant to admit

3   that on November 10, 2008, while plaintiff was on the floor of the holding case, defendant told

4   him his prescription for Tramdadol was found.  The undersigned presumes that defendant

5   reviewed all relevant records in determining that he could not respond to these requests.

6   Accordingly, no further response is required.

7                K.  Interrogatories to Defendant St. Laurent

8                At issue are interrogatories nos. 6, 9, 11, 12, 14, 15 and 16.

9                Interrogatory no. 6 asks defendant to describe "why you feel in your scope of duty

10  as a psych tech, you are able to make decisions over the phone of whether an individual warrants

11  any medical treatment when not a single person has evaluated or examined him."  Defendant

12  objected that this interrogatory lacked foundation, was not reasonably calculated to lead to the

13  discovery of admissible evidence and was based on an incomplete hypothetical.  Defendant's

14  objections have merit.  Accordingly, no further response to this interrogatory is required.

15               Interrogatory no. 9 asks defendant to describe in detail "the nature of what and

16  how many medical emergencies were called or radioed in to "D" yard clinic from 6 a.m. to 2

17  p.m. on November 6, 2008 and November 10, 2008."  Defendant responded that she did not

18  recall.  The undersigned finds that defendant has adequately answered this interrogatory.

19               Interrogatory no. 11 asks defendant to describe the training she received, and

20  corresponding dates, "in the procedures of providing medical care to inmates including but not

21  limited to 'man down' responses, medication distribution (of transferring inmates as well) and

22  the processing of 7362 sick call forms."  Defendant responded that she did not recall specifically

23  what training she received or when, but that she has participated in an ongoing training program,

24  some of which discusses "man down" responses, medication distribution and the processing of

25  7362 forms.  The undersigned finds that defendant has adequately responded to this

26  interrogatory.

1        Interrogatory no. 12 asks defendant to describe "every" policy, procedure and

2   practice governing inmate medical care including but not limited to "man down" responses,

3   medical distribution, etc.  Defendant objected, in part, that the request was overbroad.  Without

4   waiving objections, defendant responded that policies and procedures regarding "man down"

5   responses, medical distribution and processing of 7362 are found in the High Desert State Prison

6   Operating Procedures.  The undersigned agrees that this request is overbroad in that not every

7   policy regarding inmate medical care is relevant to this action.

8        Interrogatory no. 14 asks defendant to describe the circumstances surrounding her

9   involvement with plaintiff on November 6, 2008, and November 10, 2008.  Interrogatory no. 15

10  asks defendant to identify each document that refers to her response to interrogatory no. 14.

11  Interrogatory no. 16 asks defendant to state the name and phone number of all persons with

12  knowledge of the facts stated in response to interrogatory no. 14.  Defendant responded to

13  request nos. 14-16 that she did not recall.  The undersigned finds that defendant has answered

14  interrogatory nos. 14-16 to the best of her abilities.

15        L.   Request for Admissions to Defendant St. Laurent

16        At issue are request for admissions nos. 34, 35, 36, 99, 100, 101, 103, 104, 105

17  and 106.

18        Request no. 34 asks defendant to admit that nurses or psych techs who fail to

19  perform their assigned duties repeatedly (i.e. deliver medications) are not reprimanded.  Request

20  no. 35 asks defendant to admit that nurses or psych techs who fail to perform their duties

21  repeatedly (i.e. deliver medications) are not fired.  Defendant responded to both requests that

22  after reasonable investigation, she lacked sufficient knowledge to admit or deny the request.  The

23  undersigned accepts defendant's representation that after a reasonable investigation she cannot

24  answer these requests.

25        Request no. 36 asks defendant to "admit a rule or policy/procedure" not enforced

26  is ineffective.  Defendant objected that this request is vague and ambiguous.  The undersigned

1    agrees.

2           Request no. 99 asks defendant to admit that Officer Brown called defendant on

3    November 6, 2008, about plaintiff being "man down."  Request no. 100 asks defendant to admit

4    that Officer Boutler called defendant on November 10, 2008, about plaintiff being "man down."

5    Request no. 101 asks defendant to admit that she did not see or talk to plaintiff on November 6,

6    2008.  Defendant responded to these requests that after reasonable investigation, she lacked

7    sufficient knowledge to admit or deny the requests.  The undersigned accepts defendant's

8    representation that after a reasonable investigation she cannot answer these requests.

9           Request no. 103 asks defendant to admit that she did not instruct anyone to treat

10   plaintiff on November 1, 2008.  Request no. 104 asks defendant to admit that she did not instruct

11   anyone to treat plaintiff on November 10, 2008.  Defendant denied these requests because it is

12   not her job to instruct staff to treat inmates.  Defendant has adequately answered these requests.

13          Request no. 105 asks defendant to admit that "nobody every treated or examined

14   plaintiff on November 6, 2008."  Request no. 106 asks defendant to admit that "nobody every

15   treated plaintiff on November 10, 2008."  Defendant responded to both requests that after

16   reasonable investigation, she lacked sufficient knowledge to admit or deny these requests.

17          In request nos. 105 and 106, plaintiff is asking defendant to admit that plaintiff did

18   not receive medical treatment from anyone regarding any medical problem on these dates.

19   Plaintiff's medical records should reflect whether plaintiff received any type of medical treatment

20   on these dates.  Accordingly, defendant is ordered to provide a further response to these requests

21   for admission addressing in detail why she cannot address this request.  Fed. R. Civ. P. 36(a)(4

22          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel is

23   granted in part and denied part; within fourteen days defendants shall file a further response to

24   defendant Medina's request for admissions nos. 68, 69, 70, 71, 72, 73, 82, 90; defendant

25   Swingle's request for admissions nos. 29; defendant Miller's response to request for admission

26   ////

1  nos. 29, 41; defendant Bowers' response to request for admission nos. 118, 126; defendant St.

2  Laurent's response to request for admissions 105 and 106.

3  DATED:  August 24, 2011

4

5                                    KENDALL J. NEWMAN
                                      UNITED STATES MAGISTRATE JUDGE

6  bak2757.com(2)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27