IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BAKER,

        Plaintiff,                          No. 2: 09-cv-2757 MCE KJN P

    vs.

PEREZ, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's September 12, 2011 motion for an extension of time to file a motion for reconsideration and plaintiff's September 19, 2011 motion for reconsideration.  Defendants have not responded to either motion.

        After reviewing plaintiff's pending motions, it appears that both are addressed to the undersigned.  For the following reasons, plaintiff's motion for extension of time is granted, and the motion for reconsideration is granted in part and denied in part.

        *Motion for Extension of Time*

        Plaintiff seeks an extension of time to file the motion for reconsideration of the August 24, 2011 order granting in part and denying in part his motion to compel.  Local Rule 303(b), states, "rulings by Magistrate Judges shall be final if no reconsideration thereof is sought

from the Court within fourteen days . . . from the date of service of the ruling on the parties. . ."
E.D. Local Rule 303(b).

The grounds of plaintiff's motion for an extension of time are that he had inadequate law library access due to the Labor Day holiday which resulted in closure of the law library on September 5 and 6, 2011. Plaintiff also alleges that he had difficulty in obtaining copies. Good cause appearing, plaintiff's motion for an extension of time is granted and his motion for reconsideration filed September 19, 2011 is deemed timely filed.

*Motion for Reconsideration*

Plaintiff seeks reconsideration of part of the twenty-seven page August 24, 2011 order addressing his motion to compel. In particular, plaintiff seeks reconsideration of the court's rulings regarding (1) request for production of documents (set one) nos. 1, 8, 10, 12, 13, 16 and 18; (2) interrogatories to defendant Medina, nos. 1, 2, 3, 14, 16; (3) request for admissions to defendant Medina, no. 96; (4) interrogatories to defendant Swingle, nos. 21, 15; (5) request for admissions to defendant Swingle, nos. 28, 32; (5) request for admissions to defendant Miller, nos. 32, 40, 47; (6) interrogatory to defendant Bowers, no. 14; (7) request for admissions to defendant Bowers, nos. 33, 112, 120; (8) interrogatories to defendant St. Laurents, nos. 6, 12.

In the motion for reconsideration, plaintiff alleges that as to several of the at-issue discovery requests, after receiving defendants' initial objections, he served defendants with amended requests addressing the objections. Defendants' opposition to plaintiff's motion to compel did not address plaintiff's amended requests. Rather, defendants' opposition addressed the original requests. In the motion for reconsideration, plaintiff asks the undersigned to consider his amended requests.

Because the undersigned is concerned that defendants' opposition to plaintiff's motion to compel did not address the amended requests, the motion for reconsideration asking the undersigned to consider the amended requests is granted. However, in considering the

amended requests, the undersigned orders responses from defendants only as to those amended requests that cure the defects of the original requests.[1]

*Request for Production of Documents*

After reviewing plaintiff's arguments for reconsideration of the orders denying his request for production of documents, the undersigned finds no grounds to reconsider the orders regarding request nos. 1, 8, 12, 13, 16 and 18.  However, in request no. 10, plaintiff sought all documents regarding medication/distribution policies in effect at High Desert State Prison ("HDSP").  In the opposition to plaintiff's motion to compel, defendants stated that in addition to the documents originally provided, they have supplemented their answers with hundreds of pages of additional documents.  Defendants stated that they had nothing more to add.  The undersigned denied the motion to compel regarding request no. 10 because plaintiff had not demonstrated how the documents provided did not adequately respond to his request.

In the request for reconsideration, plaintiff states that defendants provided Operational Procedure # 744 regarding pain management in response to request no. 10.  (Dkt. 78 at 55.)  Plaintiff states that "attachment C" is missing from this document.  Plaintiff states that he sent a letter to defense counsel requesting the missing "attachment C," to which he apparently received no response.  (Id. at 56.)  Defendants are directed to file supplemental briefing addressing whether there is an "attachment C" to Operational Procedure # 744 and, if so, why it was not provided to plaintiff.

*Interrogatories, Request for Admissions to Defendant Medina*

The undersigned has reviewed the motion for reconsideration regarding interrogatories nos. 1, 2, 3, 14 and 16 addressed to defendant Medina.  With regard to interrogatories no. 1, 2, 3 and 14, plaintiff served defendants with amended interrogatories after receiving defendants' initial objections.

---

[1] Plaintiff is, himself, somewhat at fault for not bringing the amended requests to the court's attention sooner.

1        Interrogatory no. 1 asked defendant Medina, "State all facts upon which you
2 based your contention to not have the plaintiff treated for his serious medical need on November
3 10, 2008 when you chose to discontinue (D/C) plaintiff's medication of Tramadol 50 mg 4 x day
4 without seeking or talking to the plaintiff." Plaintiff's amended interrogatory no. 1 stated, "State
5 all facts to show why you discontinued plaintiff's medication of Tramadol 50 mg 4 x a day on
6 11-10-08."

7        Interrogatory no. 2 asked defendant Medina, "State all the names and addresses of
8 each person who has knowledge of the facts upon which you base such contentions as answered
9 in interrogatory no. 1." Plaintiff's amended interrogatory no. 2 stated, "State the names and
10 addresses of each person who has any knowledge of your answer to # 1 above."

11        Interrogatory no. 3 asked defendant Medina, "Please describe in as much detail
12 each document you believe supports such contentions as answered above." Plaintiff amended
13 interrogatory no. 3 stated: "Please describe each document you believe supports your answers in
14 # 1 and # 2 above."

15        The undersigned denied the motion to compel as to interrogatories nos. 1-3 on
16 grounds that they assumed facts not in evidence and expected defendants to answer questions
17 based on a scenario that did not occur. Plaintiff's re-written interrogatories address these issues.
18 Accordingly, defendants are directed to file further responses to these interrogatories.

19        Interrogatory no. 14 asked defendant Medina, "Please describe in as much detail
20 the effects the body goes through when on a narcotic one year straight is suddenly stopped and
21 why? Please use Tramadol as the reference for this interrogatory of 200 mg a day use." The
22 undersigned denied the motion to compel on grounds that it was an incomplete hypothetical.
23 Plaintiff amended interrogatory no. 14 stated, "When a 30 year old male with IBS taking
24 Tramadol 5o mg a day 4x for a year were to suddenly stop taking the Tramadol, what kind of
25 effects could his body be experiencing after two days time?"
26 ////

Amended interrogatory no. 14 is still an improper hypothetical. <u>Kinnee v. Shack, Inc</u>. 2008 WL 1995458 at *2 (D.Or. May 6, 2008); <u>McClain v. Mack Trucks, Inc.</u>, 85 F.R.D. 53, 59 (E.D.Pa. 1979) (interrogatory calling for an opinion "must be phrased with particularity.") Accordingly, defendants are not required to respond to amended interrogatory no. 14.

After reviewing plaintiff's motion for reconsideration, the undersigned also finds that plaintiff has not shown good cause for the undersigned to reconsider the August 24, 2011 order regarding interrogatory no. 16 and request for admissions no. 96 addressed to defendant Medina.

*Interrogatories, Request for Admissions to Defendant Swingle*

Plaintiff has not shown good cause for the undersigned to reconsider the August 24, 2011 order regarding interrogatories nos. 15 and 21 and request for admissions no. 28 and 32 addressed to defendant Swingle.

*Request for Admissions to Defendant Miller*

Request for admission no. 40 asked defendant Miller to admit that on or about January 10, 2008, RN Clark notified defendant that a nurse, or nurses, did not pass out medications to inmates on January 1st and 6th 2008. In denying the motion to compel as to this request, the undersigned stated that he accepted defendant's representation that she lacked sufficient knowledge to respond to this request.

In the request for reconsideration, plaintiff states that interrogatory no. 7, set one, asked defendant Miller, "Please describe in as much detail as possible any action you took when you were notified on or about January 10, 2008 by RN Clark that on Jan. 1st and Jan. 6th, 2008, 'DOT' medications were not passed out in Z unit." (Dkt. No. 78 at 64.)

Defendant Miller responded to interrogatory no. 7 as follows:

> Miller investigated the incident by speaking with psychiatric supervisors regarding whether the psychiatric technicians were following the proper procedures for distribution and signing medical records once medications were distributed. Miller was only responsible for supervising RN Clark and did not have any

5

reason to believe that he failed to distribute medications on those dates.

(Id. at 65.)

Based on defendant Miller's response to interrogatory no. 7, it appears that defendant Miller is capable of responding to request for admission no. 40. Accordingly, plaintiff's motion for reconsideration as to request for admission no. 40 is granted. Defendants are directed to file a supplemental response to this request.

Request for admission no. 47 asked defendant Miller to admit that she never counseled "two nurses in question of January 1st and 6th of 2008 for failing to deliver medications to Z-Unit." In denying the motion to compel, the undersigned accepted defendant Miller's representation that she lacked sufficient knowledge to respond to this request.

In the request for reconsideration, plaintiff argues that defendant Miller's response to interrogatory no. 7 suggests that defendant is capable of responding to request for admission no. 47. The undersigned agrees. Accordingly, defendant Miller is directed to serve a supplemental response to request for admission no. 47.

After reviewing plaintiff's motion for reconsideration, the undersigned finds that plaintiff has not shown good cause for reconsideration of the August 24, 2011 order denying his motion to compel as to request for admission no. 32 addressed to defendant Miller.

*Interrogatory and Request for Admissions to Defendant Bowers*

Interrogatory no. 14 asked defendant Bowers to describe the effects "the human body goes through when a narcotic for one year straight is stopped and why?" The undersigned denied the motion to compel as to this interrogatory on grounds that it was vague and an incomplete hypothetical.

Plaintiff's amended interrogatory no. 14 stated, "When a 30 year old male with IBS taking Tramadol 50 mg 4x day for a year were to suddenly stop taking the Tramadol, what kind of effects could his body be experiencing after two days?" As rephrased, interrogatory no. 14 is still an improper hypothetical. Accordingly, defendants are not required to respond to

amended interrogatory no. 14.

Request for admission no. 33 asked defendant to admit that a nurse assigned to deliver medications to Z-Unit, who does not do so, has then failed to properly do his/her assigned duties. The undersigned denied the motion to compel as to this request for admission because it was vague and ambiguous.

Plaintiff's amended request for admission no. 33 stated, "Admit you being assigned 8 AM second watch medication rounds in D6 and not showing up to D6 the whole day you failed to do you assigned duties." Although re-written, request for admission no. 33 is still vague and ambiguous. Accordingly, defendants are not required to respond to amended request for admission no. 33.

Request no. 120 asked defendant to admit that on November 7, 2008, plaintiff gave him a 7362 sick call slip for being in extreme pain. Defendant responded that after a reasonable investigation, he could not answer this request.

In the request for reconsideration, plaintiff states that he obtained the at-issue sick call slip from his medical file and it contains defendant Bowers' signature. Based on plaintiff's retrieval of the sick call slip from his medical file, it appears that defendant Bowers may be able to respond to this request following a reasonable investigation. Accordingly, defendant is directed to submit a further response to this request for admission.

Plaintiff has not shown good cause for the undersigned to reconsider the August 24, 2011 order as to request for admission no. 112.

*Interrogatories to Defendant St. Laurent*

Interrogatory no. 6 asked defendant to describe "why you feel in your scope of duty as a psych tech, you are able to make decisions over the phone or whether an individual warrants medical treatment when not a single person has evaluated or examined him." In denying the motion to compel as to this interrogatory, the undersigned found that defendants' objections to this request (lack of foundation, not reasonably calculated to lead to the discovery

of admissible evidence, incomplete hypothetical) had merit.

Plaintiff's amended interrogatory no. 6 stated, "Do you contend in November 2008 you were qualified to make medical care decisions (non-mental health issues) for a patient over the phone without having examined him nor has that patient been examined by anyone else?" The objections to original interrogatory no. 6 are applicable to amended interrogatory no. 6. Accordingly, defendants are not required to provide a response to amended interrogatory no. 6.

Interrogatory no. 12 asked defendant to describe "every" policy, procedure and practice governing inmate medical care including, but not limited to "man down" responses, medical distribution, etc. Defendant objected, in part, that the request was overbroad. Without waiving objection, defendant responded that the policies and procedures regarding "man down" responses are found in the HDSP Operating Procedures.

Amended interrogatory no. 12 narrowed the scope of the original request to "man down" responses only. As rephrased, amended interrogatory no. 12 is not necessarily overbroad. The fact that the policies are contained in the HDSP Operating Procedures is neither a valid response nor objection to amended interrogatory no. 12. Accordingly, defendants are directed to submit a further response to this interrogatory.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (Dkt. No. 77) is granted; plaintiff's motion for reconsideration is deemed timely filed;

2. Plaintiff's motion for reconsideration (Dkt. No. 78) is granted in part and denied in part; within twenty-one days of the date of this order, defendants shall provide a further response to request for production of documents no. 10, interrogatories nos. 1-3 addressed to defendant Medina, request for admissions nos. 40 and 47 addressed to defendant Miller, request for admission no. 120 addressed to defendant Bowers, interrogatory no. 12 addressed to defendant St. Laurent;

3. Within twenty-one days thereafter, plaintiff shall file an opposition to defendants' summary judgment motion filed August 10, 2011.

DATED: October 11, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bak2757.req