1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL BAKER,

11          Plaintiff,              No. 2:09-cv-2757 MCE KJN P

12      vs.

13   PEREZ, et al.,

14          Defendants.              ORDER

15   _____/

16          Pending before the court is defendants' April 18, 2012 motion for leave to file a

17   supplemental summary judgment motion regarding plaintiff's claims against defendants Miller

18   and Medina.  For the following reasons, this motion is denied.

19   Defendants' First Summary Judgment Motion

20          On August 10, 2011, defendants filed a summary judgment motion purporting to

21   address all of plaintiff's claims.  (Dkt. No. 71.)  On March 28, 2012, the undersigned

22   recommended that defendants' motion be granted in part and denied in part.

23          The grounds raised by defendants for summary judgment as to defendants Miller

24   and Medina are summarized herein.

25   ////

26   ////

*Defendant Miller*

Regarding defendant Miller, defendants stated that plaintiff's claims arose from a 602 filed by plaintiff on January 6, 2008, complaining that he had not received his Gabapentin on January 1 and 6, 2008. (Dkt. No. 71-1 at 8.) Defendants stated that on February 26, 2008, defendant Miller interviewed plaintiff regarding the complaints in his 602. (Id.) Defendants stated that defendant Miller told plaintiff that she did not know who was not delivering his medications. (Id.) Defendants stated that defendant Miller told plaintiff that at the time of the interview, she supervised only Nurse Clark. (Id.) Defendants state that plaintiff told defendant Miller that he had no problems receiving his medications when Nurse Clark was on duty. (Id.) Defendant Miller also told plaintiff that Z unit staff had been properly instructed regarding medication distribution. (Id.)

Defendants also stated that in August of 2008, defendant Miller took a leave of absence. (Id.) Defendants stated that when defendant Miller returned, she was no longer in charge of scheduling nurses to deliver medications. (Id.)

Defendant Miller moved for summary judgment on grounds that plaintiff was basing her liability on the theory of respondeat superior and that plaintiff had failed to link her to the alleged deprivations. As to plaintiff's claims regarding his failure to obtain his pain medicine in January 2008, defendants argued that defendant Miller was not responsible for delivering plaintiff his medications. (Id. at 14.) Defendants further argued that during defendant Miller's interview with plaintiff in February 2008, plaintiff admitted that he had been receiving his medication. (Id.) Plaintiff also told defendant Miller that he had no problems receiving his medication when Nurse Clark was on duty. (Id.)

Regarding plaintiff's allegations of failure to obtain his medication in November 2008, defendants argued that defendant Miller was not responsible for supervising any nursing staff at this time. (Id. at 15.)

////

*Defendant Medina*

Regarding defendant Medina, defendants stated that plaintiff alleged that on November 10, 2008, plaintiff was informed that defendant Medina stopped his Tramadol prescription.  (Id. at 11.)

Defendants moved for summary judgment as to defendant Medina on grounds that it was defendant Medina's medical opinion that plaintiff did not require both Tramadol and Gabapentin.  (Id.)  Defendants argued that defendant Medina's failure to provide plaintiff with Tramadol for only a few days did not constitute deliberate indifference.  (Id. at 18.)

*State Law Claims*

Defendants requested that the court exercise its discretion and dismiss plaintiff's state law claims made against all defendants, assuming that they were granted summary judgment as to all of plaintiff's constitutional law claims.

March 28, 2012 Findings and Recommendations

On March 28, 2012, the undersigned issued findings and recommendations addressing defendants' first summary judgment motion.

*Defendant Miller*

The undersigned found that plaintiff raised the following claims against defendant Miller: 1) failure to adequately train the nurses she supervised regarding medication policies and procedures; 2) failure to implement and enforce adequate medication distribution policies; and 3) understaffing the nurses in the Z unit.

In the findings and recommendations, the undersigned addressed defendants' argument that plaintiff was basing the liability of defendant Miller on the theory of respondeat superior and that he had not linked her to his claims of failure to receive pain medication. Regarding the first period of time plaintiff was housed in the Z Unit in 2008, the undersigned observed that in her declaration, defendant Miller did not claim that her duties did not include training her subordinates regarding medication distribution policies.  (Dkt. No. 102 at 13.)

3

1   Instead, the undersigned found that defendants were arguing that plaintiff had not demonstrated

2   that an employee supervised by defendant Miller failed to deliver his medication.  (Id.)

3              The undersigned found that defendant Miller had not made a sufficient showing

4   that she was not responsible for training the nurses who allegedly failed to deliver plaintiff's

5   medication.  (Id.)  The undersigned noted that in her declaration, defendant Miller stated that *at*

6   *the time she interviewed* plaintiff on February 26, 2008, she only supervised Nurse Clark.  (Id.)

7   However, in his appeal, plaintiff alleged that he did not receive his medications on January 1,

8   2008, and January 6, 2008.   (Id.)  Therefore, it was not clear from defendant Miller's declaration

9   whether defendant Miller supervised any of the nurses who allegedly failed to bring his

10  medication in January 2008.  In addition, the undersigned observed that the record demonstrated

11  that when defendant Miller interviewed plaintiff on February 26, 2008, plaintiff told defendant

12  Miller that he had not received his medication on February 1-4, 2008.  (Id., citing Dkt.

13  No. 14 at 44 (exhibits attached to plaintiff's amended complaint).)  Defendant Miller's

14  declaration did not address whether she supervised the nurses who allegedly failed to provide

15  plaintiff with medications in February 2008.  (Id. at 13-14.)

16             In the findings and recommendations, the undersigned also observed that the

17  record contained conflicting information regarding whether plaintiff had problems with Nurse

18  Clark delivering his medications.  (Id. at 14, citing exhibits attached to plaintiff's amended

19  complaint.)

20             Because of the disputed facts set forth above, the undersigned found that

21  defendant Miller was not entitled to summary judgment on grounds that plaintiff failed to

22  adequately link her to the alleged deprivations.  The undersigned also noted that defendants'

23  summary judgment motion failed to address plaintiff's claim that defendant Miller did not

24  schedule enough nurses to distribute medication.  (Id. at 15.)

25             The undersigned recommended that defendant Miller be granted summary

26  judgment as to plaintiff's claim that he did not receive his medication during the second period of

4

1   time he was housed at HDSP due to defendant Miller's failure to schedule enough nurses.  The

2   undersigned made this recommendation based on defendant Miller's statement in her declaration

3   that during this time, she no longer scheduled the nurses to deliver the medication.  Because

4   defendant Miller's declaration did not address plaintiff's claim that he did not receive his

5   medication during this time because she failed to adequately train the nurses she supervised, the

6   undersigned recommended that defendants Miller be denied summary judgment as to this claim.

7                   *Defendant Medina*

8               The undersigned recommended that defendant Medina's motion for summary

9   judgment be denied because in making his decision to deny plaintiff Tramadol, defendant

10  Medina failed to consider orders from Dr. Wang that plaintiff receive this drug. (Id. at 19.)  The

11  undersigned also rejected defendant Medina's argument that he did not act with deliberate

12  indifference because plaintiff was deprived of Tramadol for "only" ten days. (Id.)

13              In the findings and recommendations, the undersigned found that plaintiff's

14  amended complaint contained additional claims against defendant Medina that were not

15  addressed in defendants' summary judgment motion.  In particular, plaintiff's amended

16  complaint alleged that defendant Medina violated his Eighth Amendment rights by lying about

17  re-ordering his medications and by interfering with prescriptions by Dr. Nepomuceno.  (Id. at 22,

18  citing Dkt. No. 14 at 34-35, 21, 22-26.)

19                  *State Law Claims*

20              Regarding the state law claims, the undersigned acknowledged that a district court

21  may decline to exercise supplemental jurisdiction if it dismissed all claims over which it has

22  original jurisdiction.  (Id. at 29.)  However, where a plaintiff brings a state law claim against one

23  defendant and a federal claim against another, supplemental jurisdiction may be exercised over

24  the state defendant so long as the state and federal claims arise from a common nucleus of fact.

25  (Id.)  The undersigned recommended that plaintiff's state law claims not be dismissed because

26  neither party had addressed whether the remaining federal claims arose from a common nucleus

1 | of fact as the state law claims. (Id. at 30.)

2 | Pending Motion for Leave to File Supplemental Summary Judgment Motion

3 |         In the pending motion, defendants seek leave to file a supplemental summary

4 | judgment addressing the following claims:

5 |         1.  Whether defendant Miller failed to train nurses under her
        supervision regarding medication delivery during plaintiff's second
6 |         period at Z unit or if there were other reasons for plaintiff's failure
        to receive his medications.

7 |

8 |         2.  Whether defendant Miller was responsible for training nurses
        on January 1 and 6, 2008 and from February 1-4, periods when
        plaintiff failed to receive his medications.

9 |

10 |         3.  Whether defendant Miller failed to schedule nurses during the
        first period of time that plaintiff was housed at the Z Unit at HDSP,
11 |         resulting in plaintiff's failure to consistently receive pain
        medications, or what the reasons for the nurses' alleged failure to
        conduct rounds were.

12 |

13 |         4.  Whether defendant Medina's decision to discontinue Tramadol
        upon plaintiff's return to HDSP in November 2008 was deliberate
        indifference.

14 |

15 |         5.  Whether defendant Medina lied about reordering plaintiff's
        prescriptions or interfered with prescriptions written by Dr.
        Nepomuceno.

16 |

17 |         6.  Whether plaintiff's state law claims arise from a common
        nucleus of fact with the federal claims, or if there are other
        defenses that can be asserted to the state law claims.

18 |

19 |         Defendants request leave to file a supplemental summary judgment motion on

20 | grounds that the findings and recommendations narrowed and clarified the issues in the amended

21 | complaint beyond the discussion in the screening order.

22 |         Defendants' first summary judgment motion addressed the merits of plaintiff's

23 | claim against defendant Medina regarding his decision to discontinue Tramadol.  The findings

24 | and recommendations did not clarify this issue.  For this reason, the request to file a

25 | supplemental summary judgment motion regarding this issue is denied.

26 | ////

1    Plaintiff's amended complaint contains several pages of allegations regarding

2    defendant Medina's alleged interference with his receipt of prescriptions, including Ensure.

3    (Dkt. 15 at 21-28, 34-35.)  The undersigned acknowledges that pro se complaints can be difficult

4    to decipher.  However, the lengthy allegations in plaintiff's amended complaint regarding

5    defendant Medina's alleged interference with his prescriptions are not so cryptic, unintelligible or

6    otherwise buried in the complaint, that defendants' failure to address them in the original

7    summary judgment motion excuses their failure to address these allegations in the summary

8    judgment motion.

9    Plaintiff's amended complaint stated a claim against defendant Miller based on

10   her alleged failure to train the nurses she supervised.  (Dkt. 14 at 10, 31.)   The undersigned does

11   not find plaintiff's failure to train claim against defendant Miller to be so buried in the amended

12   complaint that defendants' failure to address it in the first summary judgment motion is

13   excusable.  The undersigned also notes defendant Miller's declaration submitted in support of the

14   first summary judgment did not adequately address plaintiff's claims.  As discussed above,

15   statements in defendant Miller's declaration, such as what plaintiff told her during the interview

16   regarding Nurse Clark  and the dates on which he allegedly did not receive his medications, were

17   contradicted by other evidence in the record.  The undersigned is reluctant to allow defendants to

18   file a supplemental summary judgment motion in order to address these inconsistencies brought

19   to their attention by the court.

20   Plaintiff's understaffing claim against defendant Miller is less apparent.

21   However, because the undersigned denies defendants' request to file a supplemental summary

22   judgment motion regarding the other claims discussed above, allowing defendants to file a

23   supplemental summary judgment motion regarding this one claim is not an efficient use of court

24   resources.

25   ////

26   ////

1      Because defendants' request to file a supplemental summary judgment motion

2  regarding plaintiff's constitutional claims is denied, the motion to file a supplemental summary

3  judgment motion regarding the state law claims is denied as well.  Significant court resources

4  were spent in evaluating defendants' first summary judgment motion.  Further expenditure of

5  court resources to evaluate the remaining state claims is not warranted.

6      The undersigned has carefully considered defendants' request for leave to file a

7  supplemental summary judgment motion.  As to some claims, the request is a close call.

8  However, after reviewing the record, the undersigned has determined that defendants' motion

9  should be denied.

10      Accordingly, IT IS HEREBY ORDERED that:

11      1. Defendants' motion for leave to file a supplemental summary judgment motion

12  (Dkt. No. 106) is denied;

13      2.  Defendants are granted thirty days to file objections to the March 28, 2012

14  findings and recommendations.

15  DATED:  May 25 2012

16

17                                                          _____

18                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

19  bake2757.36

20

21

22

23

24

25

26