IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BAKER,

        Plaintiff,                  No. 2: 09-cv-2757 MCE KJN P

    vs.

PEREZ, et al.,

        Defendants.         ORDER
_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action filed pursuant to 42 U.S.C. § 1983. On March 28, 2012, the undersigned recommended that defendants' summary judgment motion be granted in part and denied in part. However, pursuant to the Ninth Circuit's recent decision in <u>Woods v. Carey</u>, __F.3d __, 2012 WL 2626912 (9th Cir., July 06, 2012 ), it is necessary to vacate the March 28, 2012 findings and recommendations, deem defendants' summary judgment motion re-noticed as of the filing date of this order, and to provide contemporaneous notice to plaintiff of the requirements for opposing a motion for summary judgment.

////

////

////

1

1    The Ninth Circuit requires that pro se prisoner plaintiffs be provided notice of the
2 requirements for opposing a motion for summary judgment "at the time the defendants' motions
3 are filed." Woods, 2012 WL 2626912 at *1, *5, citing Rand v. Rowland, 154 F.3d 952, (9th Cir.
4 1998) (en banc); see also Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).  The
5 district court may provide such notice if defendants fail to do so.  Woods, 2012 WL 2626912 at
6 *5.  When provided by defendant, the notification must be set forth in "a separate document,
7 served with the moving papers, and state[] that the court has required that it be given."  Rand,
8 154 F.3d at 960; Woods, 2012 WL 2626912 at *4.  The Ninth Circuit held that these
9 requirements apply to both "pending and future cases." Woods at *6.
10   In the present case, defendants filed a motion for summary judgment without
11 apparently providing the requisite notice to plaintiff.  (See Dkt. No. 71.)  Plaintiff opposed the
12 motion.  (Dkt. No. 98.)  Defendants did not file a reply.  In light of Woods, this court finds it
13 necessary to deem defendants' motion for summary judgment re-noticed as of the filing date of
14 this order, and to contemporaneously notify plaintiff of the requirements for opposing the
15 motion, as set forth below.
16   On December 5, 2011, plaintiff filed a motion for an extension of time to file an
17 opposition to defendants' summary judgment motion.  Because plaintiff filed a timely
18 opposition, plaintiff's motion for extension of time to file an opposition is denied as unnecessary.
19   On April 30, 3012, plaintiff filed a motion for an extension of time to file an
20 opposition to defendants' motion for leave to file a supplemental summary judgment motion.  On
21 May 3, 2012, plaintiff filed an opposition to defendants' motion.  On May 29, 2012, the
22 undersigned denied defendants' motion for leave to file a supplemental summary judgment
23 motion.  Good cause appearing, plaintiff's opposition to defendants' motion is deemed timely.
24   For the foregoing reasons, IT IS HEREBY ORDERED that:
25   1. The motion for summary judgment filed by defendants on August 10, 2011
26 (Dkt. No. 71) is deemed re-noticed as of the filing date of this order, and shall be so designated

on the docket by the Clerk of Court.

    2. Plaintiff is hereby informed of the following requirements for opposing a motion for summary judgment:

> Pursuant to Woods v. Carey, __F.3d __, 2012 WL 2626912 (9th Cir., July 06, 2012, Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the following requirements apply for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.
>
> To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.
>
> If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d).
>
> If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l).
>
> If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant. In

the present case, summary judgment for defendant would end the entire case.

3. Within twenty-one days after the service date of this order, plaintiff may file an opposition to defendants' motion for summary judgment, L.R. 230(l), by filing and serving: (a) a new comprehensive opposition to the motion, including all pertinent exhibits; (b) a supplemental opposition, and any new exhibits; OR (c) a statement that plaintiff chooses to rely on his previously-filed opposition and exhibits.

4. Within seven days after the date of service of the opposition, defendants may file and serve a reply to plaintiff's opposition.

5. The March 28, 2012 findings and recommendations (Dkt. No. 102) are vacated;

6. Plaintiff's motion for extension of time to file his opposition to defendants' summary judgment motion (Dkt. No. 87) is denied as unnecessary;

7. Plaintiff's motion for extension of time to file an opposition to defendants' motion for leave to file a supplemental summary judgment motion (Dkt. No. 107) is granted, and is now moot as the court has ruled on that motion.

DATED: July 19, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bak2757.rand