UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAKER,<br><br>    Plaintiff,<br><br>  v.<br><br>PEREZ, et al.,<br><br>    Defendants. | No. 2: 09-cv-2757 MCE KJN P<br><br><br><br>PRETRIAL ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Following resolution of summary judgment motions, the following claims remain: whether defendant Medina violated the Eighth Amendment and state law by failing to prescribe Tramadol to plaintiff upon plaintiff's return to High Desert State Prison ("HDSP") in November 2008.

The parties submitted pretrial statements. Upon review of the statements and the remainder of the file, and good cause appearing, this court makes the following findings and orders:

JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331 arising under 42 U.S.C. § 1983. Venue is proper. There is no dispute over either jurisdiction or venue.

////

1

JURY/NON-JURY

Both parties timely requested trial by jury.

UNDISPUTED FACTS

1. At all relevant times, defendant Medina worked as a physician's assistant at HDSP.
2. In July 2008, plaintiff was transferred from HDSP to California State Prison-Corcoran ("Corcoran"); on November 3, 2008, plaintiff transferred back to HDSP from Corcoran.
3. Prior to plaintiff's return to HDSP on November 3, 2008, plaintiff had been prescribed Tramadol for gastro-intestinal pain, later diagnosed as being caused by Irritable Bowel Syndrome, by doctors at HDSP and Corcoran.
4. Prior to plaintiff's return to HDSP on November 3, 2008, plaintiff had been prescribed Gabapentin for back pain; plaintiff received Gabapentin following his return to HDSP in November 2008;
5. On November 10, 2008, defendant Medina discontinued plaintiff's Tramadol prescription.
6. On November 14, 2008, defendant Medina reinstated plaintiff's Tramadol prescription at a dose of 50 mg. twice a day; on December 3, 2008, defendant Medina increased plaintiff's Tramadol dosage to three times a day.

DISPUTED FACTUAL ISSUES

1. Whether defendant Medina acted with deliberate indifference to plaintiff when he discontinued plaintiff's Tramadol prescription on November 10, 2008.
2. Whether defendant Medina acted negligently or with gross negligence, in violation of state law, when he discontinued plaintiff's Tramadol prescription on November 10, 2008.

DISPUTED EVIDENTIARY ISSUES

Defendant will oppose plaintiff's proposed exhibits that are irrelevant. Plaintiff will dispute evidence regarding the past misconduct and bias of defendant and the introduction of hearsay documents.

2

SPECIAL FACTUAL INFORMATION

None applicable.

RELIEF SOUGHT

1. In the amended complaint (ECF No. 14), plaintiff seeks an unidentified amount of compensatory damages.

2. In addition, plaintiff seeks an unidentified amount of punitive damages.

POINTS OF LAW

The parties shall brief the elements, standards and burden of proof of the claims herein presented by plaintiff under the applicable constitutional amendment, statutes and regulations. Trial briefs shall be filed with this court no later than fourteen days prior to the date of trial in accordance with Local Rule 285.

ABANDONED ISSUES

No issues have been abandoned.

WITNESSES

Plaintiff anticipates calling, either in person or by deposition the following unincarcerated witnesses: Dorothy Swingle, Roxanne Miller, SPT St. Laurent, T. Bowers, defendant Medina, G.W. James, J. Nepomuceno, S. Wrigley, M. Miller, John Clark, Nurse Barton, Nurse Hardeman, Sergeant Wright, Sergeant Beasley, Captain Cochrane, Officer McGuire, Officer Kirkland, Dr. Leppla, Dr. Harrison, Dr. Clark, Dr. Wong, Health Records Technician Pena, Debbie Arizmendi. Plaintiff also states that he intends to call himself as a witness.

Plaintiff shall refer to the November 6, 2013 further scheduling order for the procedures for obtaining the attendance of unincarcerated witnesses. (ECF No. 149.)

Plaintiff has separately filed a motion requesting the attendance of incarcerated witness Norman Humphreys. (ECF No. 156.) Plaintiff alleges that inmate Humphreys was his cellmate from November 2008 to February 2009. Plaintiff alleges that inmate Humphreys witnessed plaintiff suffering as a result of not receiving Tramadol. Plaintiff alleges that inmate Humphreys can testify as to plaintiff's suffering.

////

1  Plaintiff himself can testify as to the pain he suffered as a result of not receiving

2  Tramadol.  Plaintiff does not require inmate Humphreys to testify regarding this matter.  For this

3  reason, plaintiff's motion to call inmate Humphreys as a witness is denied.

4  Defendant anticipates calling, either in person or by deposition:  defendant Medina,

5  Dorothy Swingle, C. Amrein, John Nepomuceno, John Clark, C. Nason Brown, J. Bondoc, Mary

6  Kimbrell, L. St. Laurent, Bruce Barnett, James Williamson, Correctional Officer Ramirez,

7  Litigation Coordinator Herrera.

8  Each party may call any witnesses designated by the other.

9  A.  No other witness will be permitted to testify unless:

10  (1) The party offering the witness demonstrates that the witness is for the purpose

11  of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

12  (2) The witness was discovered after the pretrial conference and the proffering

13  party makes the showing required in "B," below.

14  B.  Upon the post pretrial discovery of witnesses, the party shall promptly inform the

15  court and opposing parties of the existence of the unlisted witnesses so that the court may

16  consider at trial whether the witnesses shall be permitted to testify.  The witnesses will not be

17  permitted unless:

18  (1) The witnesses could not reasonably have been discovered prior to pretrial;

19  (2) The court and the opposing party were promptly notified upon discovery of the

20  witnesses;

21  (3) If time permitted, the party proffered the witnesses for deposition;

22  (4) If time did not permit, a reasonable summary of the witnesses' testimony was

23  provided to the opposing party.

24  EXHIBITS, SCHEDULES AND SUMMARIES

25  Plaintiff's exhibits are listed at pages 24-27 of his pretrial statement.  (ECF No. 155 at 24-

26  27.)  In addition, on January 30, 2014, plaintiff filed a motion to supplemental his pretrial

27  statement with three exhibits, i.e. three 602 appeal logs.  (ECF No. 159.)  Good cause appearing,

28  plaintiff's motion to supplemental his pretrial statement to include these exhibits is granted.

Defendant's exhibits are listed at pages 7-11 of his pretrial statement. (ECF No. 160 at 7-11.)

Sixty days prior to trial, the parties shall serve their exhibits on opposing counsel.

Each party will file any objections to exhibits fourteen days before trial.  Each exhibit not previously objected to will be forthwith received into evidence.  Plaintiff will use numbers to mark exhibits; defendant will use letters.

A. No other exhibits will be permitted to be introduced unless:

  1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

  2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B. Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

  1. The exhibits could not reasonably have been discovered earlier;

  2. The court and the opposing party were promptly informed of their existence;

  3. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

The parties are directed to bring an original and one copy of each exhibit to trial.  The original exhibit becomes the property of the court for purposes of trial.  The copy is for bench use during trial.

DISCOVERY DOCUMENTS

Plaintiff anticipates the use of interrogatories, sets one and two; requests for admission, sets one, two and three; request for production of documents, sets one and two.

Defendant anticipates the use of plaintiff's deposition transcript.

FURTHER DISCOVERY OR MOTIONS

Discovery is closed.

Defendant anticipates filing motions in limine.  Motions in limine must be filed seven days prior to the trial.

STIPULATIONS

At this time the parties have reached no stipulations.

AMENDMENTS/DISMISSALS

Defendant requests that plaintiff's request for punitive damages be dismissed as there is insufficient evidence for this issue to go to the jury.  Defendant shall address this request to the trial judge.

Plaintiff requests that five changes be made to his amended complaint.  Plaintiff may not amend his complaint by way of his pretrial statement.

Plaintiff requests that defendant's affirmative defenses not applicable to the claims against defendant be dismissed.  Plaintiff shall address this request to the trial judge.

SETTLEMENT NEGOTIATIONS

It appears that a settlement conference is not warranted in this case.

AGREED STATEMENTS

None.

SEPARATE TRIAL OF ISSUES

Defendant states that the bifurcation of liability and damages may assist the fact finder and promote judicial economy.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Plaintiff has filed a motion requesting appointment of a neutral medical expert pursuant to Federal Rule of Evidence 706.  Plaintiff requests that the medical expert review statements in defendant Medina's declaration submitted in support of his summary judgment motion.  In particular, plaintiff cites defendant Medina's statements that Tramadol could obscure other gastro-intestinal symptoms, Gabapentin was sufficient pain medication for plaintiff, and his concern regarding additional and potential side effects.

Federal Rule of Evidence 702 defines as expert witness as one "who is qualified as an expert by knowledge, skill, experience, training or education[.]"  Fed. R. Evid. 702.  Appointment

of an expert witness is proper when "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a). Federal Rule of Evidence 706, which is the basis for plaintiff's request, permits a court to appoint an expert, define the expert's duties and set compensation.

Rule 706 only allows the court to appoint a neutral expert. Ellsworth v. Prison Health Services, Inc., 2013 WL 6587876, at *7 (D.Ariz. Dec. 12, 2013). "District '[c]ourts do not commonly appoint an expert pursuant to Rule 706 and usually do so only in "exceptional cases in which the ordinary adversary process does not suffice or when a case presents compelling circumstances warranting appointment of an expert.'" Womack v. GEO Group, Inc., 2013 WL 2422691, at *2 (D. Ariz. June 3, 2013) (quoting Hart v. Agnos, 2008 WL 2008966, at *5 (D. Ariz. April 25, 2008) (citations omitted)).

Compelling circumstances do not exist warranting appointment of an expert by the court. Based on the facts of this case, the ordinary adversary process will suffice. Plaintiff may testify regarding the circumstances of the discontinuation of his Tramadol and the pain he allegedly suffered. Accordingly, plaintiff's request for appointment of an expert is denied.

ATTORNEYS' FEES

Plaintiff is not entitled to attorneys' fees because he is not represented by counsel. Defendant intends to seek attorneys' fees.

ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for January 5, 2015, at 9:00 a.m., in Courtroom 7 before the Honorable Morrison C. England, Jr.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties are directed to Local Rule 162.1(a) and Local Rule 163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively. The provisions of such local rules notwithstanding, the parties shall file proposed voir dire and proposed jury instructions, if any, not later than seven days before the date set for trial.

////

////

MISCELLANEOUS

Plaintiff's present custodian shall provide for plaintiff's presence at trial pursuant to the writ of habeas corpus ad testificandum to be issued. All parties shall take any steps necessary to facilitate execution of such writ. The parties and plaintiff's custodian are cautioned that sanctions will be imposed for failure to comply with court orders.

Counsel are directed to Local Rule 285 regarding the contents and the deadline for filing trial briefs.

Plaintiff requests that counsel be appointed to represent him at trial.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

The remaining issues in this action are relatively straight forward. Plaintiff has represented himself competently in this action. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

OBJECTIONS TO PRETRIAL ORDER

Each party is granted fourteen days from the date of this order to file objections to same. L.R. 283. If no objections are filed, the order will become final without further order of this court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for appointment of counsel contained in his pretrial statement is denied;
2. Plaintiff's motion for the attendance of an incarcerated witness (ECF No. 156) is denied;
3. Plaintiff's motion to supplement his pretrial statement (ECF No. 159) is granted; and
4. Plaintiff's motion for appointment of a neutral medical expert (ECF No. 157) is denied.

Dated: April 16, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bak2757.pto