UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAKER, | No. 2: 09-cv-2757 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| PEREZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On June 20, 2014, plaintiff filed a motion to compel prison officials at California State Prison-Corcoran ("Corcoran") to return property allegedly confiscated from plaintiff's cell. (ECF No. 170.) For the following reasons, this motion is denied.

This action is set for trial before the Honorable Morrison C. England on January 5, 2015, as to the following claims: whether defendant Medina violated the Eighth Amendment and state law by failing to prescribe Tramadol to plaintiff upon his return to High Desert State Prison ("HDSP") in November 2008.

In the pending motion, plaintiff alleges that prison officials at Corcoran wrongfully confiscated the following property from his cell: 1) Weinstein's Evidence Manual; 2) Student Guide to the Federal Rules of Civil Procedure; 3) Prisoner's Self Help Litigation Manual; 4) California Prisoners Handbook; 5) Protecting Your Health and Safety; 6) Webters's Dictionary

1

1  and Thesaurus; 7) miscellaneous legal documents; 8) LEAF digital antenna and coax cable; 9)

2  Sony ear buds; 10) Clear tunes power adapter for radio; 11) Coastline Community College

3  Spanish Text Books; 12) Spanish/English Dictionary; and 13) insoles to Nike shoes.  (Id. at 4.)

4        No defendants are located at Corcoran.  This court is unable to issue an order against

5  individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine

6  Research, Inc., 395 U.S. 100, 112 (1969).

7        However, under the All Writs Act, "all courts established by Act of Congress may issue

8  all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the

9  usages and principles of law." 28 U.S.C. § 1651(a).  It is "not a grant of plenary power to the

10 federal courts." Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  In

11 appropriate circumstances, it may be used against people or entities not parties to the underlying

12 litigation "who are in a position to frustrate ... the proper administration of justice." United States

13 v. New York Tel. Co., 434 U.S. 159, 174 (1977).

14       Use of the All Writs Act is appropriate in cases where prison officials, not named as

15 defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case.  See,

16 e.g., Turner v. Sacramento Cnty. Sheriff, No. 2:09–cv–0017 WBS KJN P, 2010 WL 4237023, at

17 *2 (Oct. 21, 2010), report and recommendation adopted by 2010 WL 5317331 (E.D.Cal.Dec.20,

18 2010) (stating a writ might issue if plaintiff had shown that restricted access to his legal material

19 unreasonably denied him access to court); Johnson v. Sullivan, No. 1:06–cv–01089 ALA (P),

20 2008 WL 5396614, at *7 (E.D.Cal.Dec.23, 2008) (granting a request for injunctive relief

21 directing CDCR to provide inmate calls with counsel based on showing that prison officials were

22 depriving him of the ability to communicate with counsel).

23       The undersigned does not find that plaintiff has demonstrated that his ability to litigate

24 this case is impeded as a result of not having access to the property listed above.  Plaintiff does

25 not require any of the listed materials in order to proceed to trial.  In the pending motion, plaintiff

26 also generally alleges that he is missing exhibits, work product notes and trial and witness

27 preparation documents.  However, plaintiff does not specifically identify any of these missing

28 exhibits, etc.  For this reason, the undersigned finds that plaintiff has not demonstrated that his

1 ability to litigate this action has been impeded as a result of not having access to these documents.

2     For the reasons discussed above, the undersigned finds that invocation of the All Writs

3 Act is not warranted.

4     Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 170)

5 is denied.

6 Dated: July 18, 2014

8 Bak2757.inj                                         KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE