UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEREZ, et al.,<br><br>　　　　Defendants. | No.  2:  09-cv-2757 MCE KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is set for trial before the Honorable Morrison C. England on January 5, 2015 as to the following claims:  whether defendant Medina violated the Eighth Amendment and state law by failing to prescribe Tramadol to plaintiff upon his return to High Desert State Prison ("HDSP") in November 2008.

On June 20, 2014, plaintiff filed a motion to compel prison officials at California State Prison-Corcoran ("Corcoran") to return property allegedly confiscated from plaintiff's cell.  (ECF No. 170).  On July 21, 2014, the undersigned denied this motion.  (ECF No. 174.)  On August 11, 2014, plaintiff filed a motion for reconsideration, addressed to the undersigned, of the July 21, 2014 order.  (ECF No. 176.)  For the following reasons, the motion for reconsideration is granted in part and denied in part.

////

1

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, Frito–Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C.Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." Id. The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence ... new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I. C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D.Pa. 1991).  These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

Discussion

No defendants are located at Corcoran.  This court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

However, under the All Writs Act, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  It is "not a grant of plenary power to federal courts."  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979).  In appropriate circumstances, it may be used against people or entities not parties to the underlying litigation

"who are in a position to frustrate ... the proper administration of justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977).

Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case. See, e.g., Turner v. Sacramento County Sheriff, No. 2: 09-cv-0017 WBS KJN P, 2010 WL 4237023, at *2 (Oct. 21, 2010), report and recommendation adopted by 2010 WL 5317331 (E.D.Cal. Dec. 2010) (stating a writ might issue if plaintiff had shown that restricted access to his legal materials unreasonably denied him access to court); Johnson v. Sullivan, No. 1: 06-cv--01089 ALA P, 2008 WL 5396614, at *7 (E.D. Cal. Dec. 23, 2008) (granting a request for injunctive relief directing CDCR to provide inmate calls with counsel based on showing that prison officials were depriving him of the ability to communicate with counsel).

In the June 20, 2014 motion to compel, plaintiff alleged that prison officials at Corcoran wrongfully confiscated the following property from his cell: 1) Weinstein's Evidence Manual; 2) Student Guide to Federal Rules of Civil Procedure; 3) Prisoner's Self Help Litigation Manual; 4) California Prisoners Handbook; 5) Protecting Your Health and Safety; 6) Webster's Dictionary and Thesaurus; 7) miscellaneous legal documents; 8) LEAF digital antenna and coax cable; 9) Sony ear buds; 10) Clear tunes power adapter for radio; 11) Coastline Community College Spanish Text Books; 12) Spanish/English Dictionary; and 13) insoles to Nike Shoes. (ECF No. 170 at 4.)

In the July 21, 2014 order, the undersigned found that plaintiff had not demonstrated that his ability to litigate this case was impeded as a result of not having access to the property allegedly confiscated. (ECF No. 174 at 2-3.) The undersigned found that plaintiff did not require any of the listed materials in order to proceed to trial. (Id.) In addition, while plaintiff generally alleged that he was missing exhibits, work product notes and trial and witness preparation documents, he did not specifically identify any of the missing exhibits. (Id.)

In the pending request for reconsideration, plaintiff first argues that his ability to proceed to trial is impeded as a result of not having access to his law books. (ECF No. 176 at 2.) The undersigned again finds that plaintiff's ability to proceed to trial is not impeded because he does

3

not have access to the allegedly confiscated law books.

Plaintiff also identifies several trial exhibits as having been confiscated. First, plaintiff alleges that he is missing pages 1-7 HDSP Operational Procedure # 744. Plaintiff alleges that defendant produced this document during discovery. (Id. at 2.)

Because plaintiff is no longer housed at HDSP, he no longer has access to HDSP Operational Procedures. So that this matter may be resolved without further orders, defendant is directed to provide plaintiff with these missing pages from HDSP Operational Procedure # 744 within twenty-one days.

Plaintiff alleges that he is missing Inmate Medical Services Policies and Procedures ("IMSPP") chapters 4, 8, 11, 16 and 25 from Volume 4. (Id. at 3.) Plaintiff alleges that he can obtain these documents from the law library at Corcoran. (Id.) Because plaintiff can obtain these documents from the law library at Corcoran, plaintiff's request for reconsideration regarding these documents is denied.

Plaintiff alleges that he is missing documents from his medical records. (Id.) Plaintiff alleges that he submitted a request to the Health Records Technician to obtain new copies of these missing documents. (Id.) On August 18, 2014, plaintiff filed a motion to supplement information regarding his motion to compel. (ECF No. 177.) In this motion, plaintiff states that on August 8, 2014, he received copies of some of his allegedly confiscated medical records. (Id. at 2.)

Because plaintiff is able to obtain copies of the documents from his medical records allegedly confiscated by Corcoran officials, plaintiff's request for reconsideration regarding these documents is denied.

Plaintiff also states that he has an envelope containing copies of 602 appeals and Progress notes identified as trial exhibits. (ECF No. 176 at 3.) Plaintiff alleges that the original 602 appeals and Progress notes were confiscated. (Id.) Because plaintiff has copies of these documents, plaintiff's motion for reconsideration regarding these documents is denied.

Plaintiff alleges that he is missing trial and work product notes. (Id.) Plaintiff alleges that it would be difficult to recreate these documents due to inadequate law library access. (Id. at 4.) This jury trial in this action is approximately 4 months away. This is adequate time to recreate

any missing trial and work product notes.

Plaintiff also claims that several of his pleadings previously filed with the court are missing. (Id. at 9.) Plaintiff identifies these pleadings by number: ECF Nos. 25, 27, 52, 54, 63, 67, 71, 74, 75, 78, 83, 84, 88-90, 92, 96, 98, 114, 119, 120, 122, 124, 126-29, 131, 135-37, 143, 145-47. (Id.)

It does not appear that plaintiff requires all of these documents to proceed to trial. For example, ECF No. 25 is a motion for an extension of time to conduct discovery. Many of these documents are not relevant to the claims against defendant Medina which will proceed to trial. Plaintiff has not demonstrated that his ability to proceed to trial is impeded due to the alleged confiscation of the documents listed above. Copies of documents may be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at 3104 "O" Street, Suite 291, Sacramento, CA, 95816, phone 916-441-4396.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to file supplemental information regarding his motion to compel (ECF No. 177) is granted;

2. Plaintiff's motion for reconsideration (ECF No. 176) is granted as to pages 1-7 of HDSP Operational Procedure # 744; defendant shall provide plaintiff with these pages within twenty-one days of the date of this order; plaintiff's motion for reconsideration is denied in all other respects.

Dated: August 29, 2014

Bak2757.req

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5