UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAKER, | No. 2:09-cv-2757 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| PEREZ, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for trial before the Honorable Morrison C. England on January 5, 2015, as to the following claims: whether defendant Medina violated the Eighth Amendment and state law by failing to prescribe Tramadol to plaintiff upon his return to High Desert State Prison ("HDSP") in November 2008.

Pending before the court is plaintiff's September 12, 2014 motion to amend the pretrial order to include additional exhibits. (ECF No. 182.) On September 19, 2014, defendant filed an opposition. (ECF No. 184.) On October 6, 2014, plaintiff filed a reply to defendant's opposition and a motion for extension of time to file his reply. (ECF No. 186.) Good cause appearing, plaintiff's motion for extension of time is granted and the reply is deemed timely filed.

For the following reasons, plaintiff's motion to amend is granted in part and denied in part.

The April 16, 2014 pretrial order states that no exhibits other than those listed in the pretrial order will be permitted to be introduced unless:

> 1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or
>
> 2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.
>
> B. Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility.  The exhibits will be not received unless the proferring party demonstrates:
>
> 1. The exhibits could not reasonably have been discovered earlier;
>
> 2. The court and the opposing party were promptly informed of their existence;
>
> 3. The proferring party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party.  If the exhibit(s) may not be copied the proferring party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

(ECF No. 163 at 5.)

Plaintiff filed his pretrial statement on January 13, 2014.  (ECF No. 155.)  Defendant filed his pretrial statement on March 25, 2014.  (ECF No. 160.)  The court issued the final pretrial order on April 16, 2014.  (ECF No. 163.)

*Proposed Exhibits Nos. 114, 116 119*

Proposed exhibits nos. 114, 116 and 119 are documents downloaded from the internet by plaintiff's mother in July 2014.  Plaintiff alleges that he previously asked his mother to look for this information in 2013 "and again once prison officials took his legal property on 5-23-14."  (Id. at 21.)  Plaintiff alleges that he does not have internet access in prison.  Exhibit no. 114 is information regarding Tramadol from the drug manufacturer.   Exhibit No. 116 is information regarding Gabapentin from the drug manufacturer.  Exhibit no. 119 is information regarding Irritable Bowel Syndrome ("IBS") from the Merck Manuals web site.

Plaintiff had either physical possession or knowledge of these documents prior to the time the court issued the final pretrial order.  For this reason, these documents are not newly

discovered. Accordingly, plaintiff's motion to amend the pretrial order to include proposed exhibits nos. 114, 116 and 119 is denied.

*Proposed Exhibits Nos. 154 and 155*

Proposed exhibits nos. 154 and 155 are two cases, Abille v. U.S., 482 F.Supp. 703, and Lavender v. Lampert, 242 F.Supp.2d 821. In the opposition, defendant correctly observes that case law is not appropriate for consideration by the jury. For this reason, plaintiff's motion to amend the pretrial order to include proposed exhibits nos. 154 and 155 is denied.

*Proposed Exhibit No. 4*

Proposed exhibit no. 4 is a request for services dated July 2, 2007. Plaintiff alleges that he inadvertently failed to identify this document as an exhibit in his pretrial statement. Plaintiff alleges that this document was stuck behind another document and went unnoticed. Good cause appearing, plaintiff's request to amend the pretrial order to include proposed exhibit no. 4 is granted.

*Proposed Exhibits Nos. 17, 49, 50, 84*

Proposed exhibits no. 17 is a physician's order dated February 28, 2008. Proposed exhibit No. 49 is a Health Care Services Request dated April 29, 2008. Proposed exhibit No. 50 is a Health Care Services Request dated April 29, 2008. Proposed exhibit No. 84 is a physician's order dated December 19, 2008. Plaintiff alleges that these exhibits are required to rebut defendant's exhibits n, t, bb and jjj. Plaintiff alleges that defendant intends to offer exhibits n, t, bb and jjj to show that plaintiff did not have a serious medical need requiring Tramadol. Plaintiff alleges that his exhibits will demonstrate that he had a serious medical need.

Plaintiff should have reasonably anticipated that defendant would introduce evidence that he did not have a serious medical need requiring Tramadol. In addition, these proposed exhibits could have been discovered sooner because they are from plaintiff's medical records. For these reasons, plaintiff's request to amend the pretrial order to include proposed exhibits nos. 17, 49, 50 and 84 is denied.

////

////

*Proposed Exhibit No. 20*

Proposed exhibit no. 20 is a Request for Services dated March 25, 2009. Plaintiff states that this document is listed as defendant's exhibit e. Defendant's exhibit e is a Request for Services dated March 25, 2008. (ECF No. 160 at 7.) Plaintiff is apparently referring to this document. Plaintiff alleges that he first learned of this document from defendant's pretrial statement. Plaintiff is permitted to offer as exhibits documents listed as defendant's exhibits in the pretrial order. Accordingly, plaintiff's request to amend the pretrial order to include proposed exhibit no. 20 is granted.

*Proposed Exhibit No. 48*

In the discussion of proposed exhibit no. 48, plaintiff states that defendant identified five exhibits regarding a single sonogram test, exhibits nos. x, y, z, AA and BB. Plaintiff states that he reserves the right to use these exhibits if necessary. Plaintiff is permitted to offer as exhibits documents listed as defendant's exhibits in the pretrial order.

In the discussion of proposed exhibit no. 48, plaintiff goes on to state that his exhibit no. 48 is a physician's order made immediately after he returned to prison that states every medication that was prescribed at that time. It is unclear if the physician's order is one of defendant's exhibits or some other exhibit. To the extent this physician's order is not included in defendant's exhibits x, y, z, AA and BB, plaintiff's request to amend the pretrial order to include this exhibit is denied because plaintiff has not demonstrated that that this exhibit falls within either of the exceptions for adding exhibits following issuance of the pretrial order.

*Proposed Exhibit No. 52*

Proposed exhibit no. 52 is a physician's order for Tramadol dated May 1, 2008. Plaintiff alleges that this exhibit demonstrates defendant's deliberate indifference when he discontinued the Tramadol prescription as well as rebuts defendant's evidence. Plaintiff alleges that after he received defendants' pretrial statement, he sent prison officials another request for medical records that he was not familiar with. Plaintiff received proposed exhibit no. 52 in response to this request.

////

Plaintiff's proposed exhibit no. 52 could have been reasonably discovered earlier. To the extent this exhibit is offered as rebuttal, defendant's evidence which proposed exhibit no. 52 is offered to rebut, could have been reasonably anticipated. Accordingly, plaintiff's request to amend the pretrial order to include proposed exhibit no. 52 is denied.

*Proposed Exhibit No. 53*

Proposed exhibit No. 53 contains progress notes dated May 21, 2008, through May 23, 2008. Plaintiff alleges that these records are rebuttal evidence that could not have been anticipated. Plaintiff alleges that defendant's proposed exhibit ff is a progress note dated May 20, 2008, reflecting that he was called to the doctor's line for a regularly scheduled visit. Plaintiff alleges that on that date he was admitted to the E.R. for I.V. hydration. Plaintiff alleges that during the following three days, a nurse repeatedly came to plaintiff's cell door to check him for symptoms of vomiting, nausea or diarrhea. Plaintiff alleges that his proposed new exhibits will complete the record regarding his admittance to the E.R. Plaintiff alleges that he did not think that defendant would offer exhibits regarding May 20, 2008.

Plaintiff has demonstrated that proposed exhibit no. 53, containing progress notes from May 21, 2008, through May 23, 2008, is offered to rebut evidence that could not have been reasonably anticipated. Plaintiff's motion to amend the pretrial order to include these progress notes, designated as proposed exhibit no. 53, is granted.

*Proposed Exhibit Nos. 60 and 61*

Proposed exhibits nos. 60 and 61 are identified in defendant's exhibit list as exhibits mm and oo. These exhibits are progress notes dated September 4, 2008, and October 7, 2008. Plaintiff is permitted to offer as exhibits documents listed as defendant's exhibits in the pretrial order. Accordingly, plaintiff's motion to amend the pretrial order to include proposed exhibits nos. 60 and 61 is granted.

*Proposed Exhibit No. 68*

Proposed exhibit no. 68 is the second page of a Screen Form dated November 3, 2008. Plaintiff alleges that defendant's exhibit rr is the first page of this form. Plaintiff alleges that defendant submitted an incomplete record. Good cause appearing, plaintiff's motion to amend


the pretrial order to include proposed exhibit no. 68 is granted.

*Proposed Exhibit Nos. 93, 94 and 100*

Proposed exhibits nos. 93, 94 and 100 are defendant's exhibits ddd, eee and fff. Plaintiff is permitted to offer as exhibits documents listed as defendant's exhibits in the pretrial order. Accordingly, plaintiff's motion to amend the pretrial order to include proposed exhibits nos. 93, 94 and 100 is granted.

*Proposed Exhibit Nos. 75, 82, 85-92, 96-98, 101 and 104*

Proposed exhibits nos. 75, 82, 85-92, 96-98, 101 and 104 are medical requests. Plaintiff alleges that these exhibits will refute the testimony of defendant's experts. Plaintiff alleges that he did not anticipate that defendant would be permitted to call an expert because the court denied plaintiff's request for an expert. Plaintiff alleges that these exhibits will contradict any testimony that defendant followed policies and procedures and acted within the standard of care. Plaintiff alleges that "this was not anticipated as necessary."

Plaintiff could have reasonably anticipated that defendant would offer evidence, by way of expert testimony or exhibits, that he followed policies and procedures and acted within the standard of care. Accordingly, plaintiff's motion to amend the pretrial order to include proposed exhibits nos. 75, 82, 85-92, 96-98, 101 and 104 is denied.

*Proposed Exhibit No. 122*

Proposed exhibit no. 122 is defendant's opposition to plaintiff's motion for appointment of a neutral medical expert. Plaintiff alleges that this pleading will be offered for impeachment. Plaintiff concedes that he received this pleading with defendant's pretrial statement, i.e., before the court issued the final pretrial order. Plaintiff claims that he did not have enough time to evaluate this exhibit before the court issued the final pretrial order.

Plaintiff has not demonstrated that proposed exhibit no. 122 falls within either exception permitting the addition of exhibits to the pretrial order. Moreover, use of defendant's opposition to plaintiff's motion for appointment of a neutral expert to impeach a witness would most likely not be permitted. Accordingly, plaintiff's motion to amend the pretrial order to include proposed exhibit no. 122 is denied.


*Proposed Exhibit 156*

Proposed exhibit No. 156 is a CDCR 22 form dated August 6, 2014. Plaintiff alleges that this form verifies that during 2008 he filed no 602 appeals requesting that his back be fixed. Plaintiff alleges that this will impeach defendant's exhibit hh, which is a progress note dated June 10, 2008, by defendant stating that plaintiff had filed an appeal requesting that his back be fixed. Plaintiff alleges that he personally reviewed his C file in January 2014, and apparently did not find the appeal defendant referred to in the June 10, 2008 progress note. Plaintiff alleges that on August 5, 2014, Officer Gonzales reviewed plaintiff's C file and prepared a CDCR form 22 verifying that no such grievance exists.

Good cause appearing, plaintiff's request to amend the pretrial order to include exhibit no. 156 is granted.

<u>Newly Identified Witnesses</u>

In his motion, plaintiff also identifies five new witnesses: Officer Ramirez, Josephine Bondoc, C. Nasen Brown, Bruce Barnett and James Williamson. All five of these individuals are listed in the pretrial order as defendant's witnesses. The pretrial order states that each party may call any witnesses designated by the other. Accordingly, plaintiff is permitted to call these five individuals as witnesses at trial.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 186) is granted; and

2. Plaintiff's motion to amend his pretrial statement and the pretrial order (ECF No. 182) is granted in part and denied in part; plaintiff's motion to amend the pretrial order to include proposed exhibits nos. 4, 20, 53, 60, 61, 68, 93, 94, 100 and 156 is granted; the motion to amend is denied in all other respects.

Dated: October 22, 2014

Bak2757.supp

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE