UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAKER, | No. 2: 09-cv-2757 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| PEREZ, et al., | |
| Defendant. | |

On November 17, 2014, plaintiff filed a request for reconsideration of the magistrate judge's order filed October 22, 2014 granting in part and denying in part plaintiff's motion to amend his pretrial statement and the pretrial order. (ECF No. 196.) On November 5, 2014, plaintiff filed a motion for an extension of time to file his request for reconsideration. (ECF No. 193.) Plaintiff filed a second motion on November 14, 2014. (ECF No. 195). Good cause appearing, plaintiff's motions for extension of time are granted and the request for reconsideration is deemed timely filed.

Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law."

*Proposed Exhibits Nos. 114, 116 and 119*

The April 16, 2014 pretrial order stated that no exhibits other than those listed in the pretrial order would be permitted to be introduced unless:

1

    1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

    2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

  B. Upon the post pretrial discovery of exhibits, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider at trial their admissibility. The exhibits will be not received unless the proferring party demonstrates:

    1. The exhibits could not reasonably have been discovered earlier;

    2. The court and the opposing party were promptly informed of their existence;

    3. The proferring party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proferring party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

(ECF No. 163 at 5.)

  Plaintiff requested that the pretrial order be amended to include proposed exhibits nos. 114, 116 and 119. Exhibit 114 is information regarding Tramadol from the drug manufacturer. Exhibit No. 116 is information regarding Gabapentin from the drug manufacturer. Exhibit no. 119 is information regarding Irritable Bowel Syndrome from the Merck Manual web site. These exhibits were downloaded from the internet by plaintiff's mother in July 2014. In the motion to amend, plaintiff alleged that he previously asked his mother to look for this information in 2013 and again in May 2014.

  The magistrate judge found that plaintiff had either physical possession or knowledge of these documents prior to the filing of the pretrial order on April 16, 2014. Because these documents were not newly discovered, the magistrate judge denied plaintiff's motion to amend the pretrial order to include these exhibits.

  In the request for reconsideration, plaintiff alleges that his mother did not find the proposed new exhibits in 2013. Instead, his mother discovered these documents in 2014 after she looked at the FDA web site, as suggested by plaintiff.

///

Plaintiff has not demonstrated that proposed exhibits nos. 114, 116 and 119 could not reasonably have been discovered earlier. The failure of plaintiff's mother to locate these documents sooner on the internet does not establish good cause for amending the pretrial order to include these proposed exhibits. For this reason, plaintiff's request for reconsideration with respect to proposed exhibits 114, 116 and 119 is denied.

*Proposed Exhibit No. 52*

Proposed exhibit 52 is a physician's order for Tramadol dated May 1, 2008. In the motion to amend the pretrial order, plaintiff alleged that after he received defendant's pretrial statement, he sent prison officials another request for medical records that he was not familiar with. Plaintiff received proposed exhibit 52 in response to this request.

The magistrate judge found that proposed exhibit 52 could have been reasonably discovered earlier. In the request for reconsideration, plaintiff clarifies that medical records are only available for review when they are identified by name and date. Plaintiff alleges that he was not aware of the May 1, 2008 order when he filed his pretrial statement because it was not in the section of his medical file he expected to find orders for medication. Based on the representations in the motion for reconsideration, the court finds that plaintiff has demonstrated that proposed exhibit 52 could not have been reasonably discovered earlier. Accordingly, the pretrial order is amended to include exhibit 52 as one of plaintiff's exhibits.

*Proposed Exhibits Nos. 17, 49 and 50*

Proposed exhibit no. 17 is a physician's order dated February 28, 2008 ordering an enema kit. Proposed exhibit no. 49 is a Health Care Services Request dated April 23, 2008 showing plaintiff's request for more suppositories. Proposed Exhibit 50 is a Health Care Services Request dated April 29, 2008 documenting that plaintiff was in severe pain. In the motion to amend the pretrial order, plaintiff alleged that these exhibits were required to rebut defendant's exhibits n, t, bb and jjj. Plaintiff alleged that defendant intended to offer exhibits n, t, bb and jjj to show that plaintiff did not have a serious medical need requiring Tramadol. Plaintiff alleged that proposed exhibits nos. 17, 49 and 50 would demonstrate that he had a serious medical need.

////

The magistrate judge found that plaintiff should have reasonably anticipated that defendant would introduce evidence that he did not have a serious medical need requiring Tramadol. The magistrate judge also found that the proposed exhibits could have been discovered sooner because they were in plaintiff's medical records.

In the request for reconsideration, plaintiff alleges that he has recently learned from reviewing the reports by defendant's experts that defendant Medina intends to argue that he discontinued plaintiff's Tramadol prescription out of concern that it would cause constipation. Plaintiff alleges that he had no notice that defendant intended to argue his concern regarding constipation as a defense until he reviewed defendant's experts' reports. Plaintiff argues that proposed exhibits 17, 49 and 50 will be used as rebuttal evidence to prove that plaintiff required medical intervention for constipation prior to the use of Tramadol, whereas once Tramadol was prescribed, plaintiff did not need such measures.

It is difficult to evaluate plaintiff's claim that his exhibits demonstrate that he suffered from constipation before he took Tramadol but not during the time he took Tramadol. However, based on plaintiff's claim that he only recently became aware that defendant intended to argue that he discontinued Tramadol out of concern for constipation, plaintiff's request to amend the pretrial order to include exhibits 17, 49 and 50 as rebuttal evidence is granted.

*Proposed Exhibits Nos. 75, 82, 85-92, 96-98, 101 and 104*

Proposed exhibits nos. 75, 85-92, 96-98, 101 and 104 are medical requests. In the motion to amend the pretrial order, plaintiff alleged that these exhibits would refute the testimony of defendant's experts. Plaintiff alleged that he did not anticipate that defendant would be permitted to call an expert because the court denied plaintiff's request for an expert. Plaintiff alleged that these exhibits would contradict any testimony that defendant followed policies and procedures and acted within the standard of care.

The magistrate judge found that plaintiff could have reasonably anticipated that defendant would offer evidence, by way of expert testimony or exhibits, that he followed policies and procedures and acted within the standard of care.

////

1    In the request for reconsideration, plaintiff again argues that he did not know that
2 defendant would have expert witnesses. The magistrate judge correctly found that plaintiff could
3 have reasonably anticipated that defendant would offer evidence, by way of expert testimony *or*
4 exhibits, that defendant followed policies and procedures and acted within the standard of care.

5    Plaintiff further argues that the magistrate judge failed to address his additional briefing
6 regarding proposed exhibit no. 104. In the motion to amend the pretrial statement, plaintiff
7 alleged that proposed exhibit 104 would be offered as rebuttal evidence to the anticipated
8 testimony of defendant's witness Bondoe. In the motion for reconsideration, plaintiff alleges that
9 he anticipates that witness Bondoe will testify that on March 24, 2009, plaintiff requested that his
10 pain medication be increased. Proposed exhibit 104 is a record dated March 25, 2009, which
11 plaintiff alleges elaborates on what occurred on March 24, 2009.

12    Good cause appearing, plaintiff's motion to amend the pretrial statement to include
13 proposed exhibit 104 as rebuttal evidence is granted.

14    *Proposed Exhibit Nos. 139 and 140*

15    Plaintiff alleges that the magistrate judge failed to address his motion to amend the pretrial
16 statement to include proposed exhibits 139 and 140, which are sections 3502 and 3502.1 of the
17 California Business Code.

18    Plaintiff identified Title 16 as an exhibit. Plaintiff alleges that defendant requested that
19 plaintiff clarify which sections of Title 16 he intended to offer as exhibits. In the motion to
20 amend the pretrial statement, plaintiff clarified that he intended to offer California Business Code
21 sections 3502 and 3502.1 which are referred to in Cal. Code Regs. Tit. 16, § 1399.541. This
22 section states that physician's assistants may administer or provide medication to a patient, or
23 issue drug orders orally or in writing in accordance with the provisions of Section 3502.1(a)(f) of
24 the California Business Code.

25    Good cause appearing, plaintiff's motion to amend the pretrial order to include exhibits
26 139 and 140 is granted.

27 ////
28 ////

5

1     Accordingly, IT IS HEREBY ORDERED that:

2     1. Plaintiff's motions for extension of time (ECF Nos. 193, 195) are GRANTED; plaintiff's motion for reconsideration is deemed timely filed; and

4     2. Plaintiff's motion for reconsideration (ECF No. 196) is GRANTED in part and DENIED in part; plaintiff's request to amend the pretrial statement to include proposed exhibits 52, 17, 49, 50, 104, 139 and 140 is granted; the motion for reconsideration is denied in all other respects.

     IT IS SO ORDERED.

Dated:  December 16, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT