1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL BAKER,                          No.  2:  09-cv-2757 MCE KJN P

12                    Plaintiff,

13            v.                               ORDER

14    PEREZ, et al.,

15                    Defendants.

16

17         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  This action is set for jury trial before the undersigned on January 12, 2015

19    as to the following claims: whether defendant Medina violated the Eighth Amendment and state

20    law by failing to prescribe Tramadol to plaintiff upon his return to High Desert State Prison

21    ("HDSP") in November 2008.  Plaintiff's pending motions regarding defendant's expert

22    witnesses are addressed herein.

23    *Background*

24         On October 23, 2014, plaintiff filed a motion for an extension of time to file objections to

25    defendant's experts' reports.  (ECF No. 188.)  On October 27, 2014, plaintiff filed objections to

26    the reports prepared by defendant's experts, Dr. Barnett and Dr. Williamson.  (ECF No. 189.)

27    Plaintiff alleges that because defendant Medina failed to prepare a complete medical record for

28    each patient encounter he had with plaintiff during the entire month of November 2008,

                                                1

1  defendant's experts have no foundation for their opinions and they should be barred from

2  testifying regarding why defendant Medina discontinued Tramadol.  Plaintiff also argues that

3  defendant's expert witnesses Dr. Barnett and Williamson should not be allowed to testify because

4  defendant has listed two other expert witnesses, Dr. Napomuceno and Dr. Swingle.  Plaintiff

5  argues that the testimony of Dr. Barnett and Dr. Williamson is cumulative and an unnecessary

6  waste of time.

7  On October 27, 2014, plaintiff filed a motion alleging that defendant's experts Dr. Barnett

8  and Dr. Williamson failed to review all of plaintiff's relevant medical records as well as relevant

9  California Department of Corrections ("CDCR") policies in forming their opinions.  (ECF No.

10  190.)  Plaintiff requests that Dr. Barnett and Dr. Williamson be ordered to review all of the

11  relevant medical records and policies and file supplemental reports.  Plaintiff also alleges that in

12  his report, Dr. Barnett refers to "standing protocols," which were not produced to plaintiff during

13  discovery or identified by defendant as an exhibit.  Plaintiff requests that defendant be ordered to

14  provide plaintiff with a copy of the "standing protocols" referred to in Dr. Barnett's report.

15  On October 27, 2014, plaintiff filed a motion for leave to supplement his motion alleging

16  that defendant's experts failed to review all of his relevant medical records with a letter.  (ECF

17  No. 191.)  This letter, attached as an exhibit, is from plaintiff to defense counsel.  In this letter,

18  plaintiff requests that defense counsel direct the expert witnesses to supplement their reports

19  based on records, laws and policies identified by plaintiff.

20  *Discussion*

21  Plaintiff requests that defendant's experts be ordered to prepare supplemental expert

22  reports based on their review of additional documents provided to them by plaintiff.  Federal Rule

23  of Civil Procedure 26(e) provides that a party must supplement a report made by their expert

24  witness if the party learns that in some material respect the disclosure is incomplete or incorrect

25  and if the additional or corrective information has not otherwise been made known to the other

26  parties during the discovery process or in writing.

27  In the opposition to plaintiff's motions, defendant correctly observes that it is a party's

28  obligation to supplement expert reports when necessary, and not the opposing party's right to

1   force the opposing party to review and supplement their reports.  In the opposition, defendant

2   indicates that he will discuss the documents referred to in plaintiff's motions with his retained

3   experts to determine if any supplemental reports are in fact necessary.

4        Plaintiff's claim that the opinions of defendant's experts are not based on a review of all

5   of the relevant records and policies should be raised in a motion in limine.  See Fed. R. Evid. 702

6   (setting forth standards for admissibility of expert testimony).  Similarly, plaintiff's requests that

7   Dr. Barnett and Dr. Williamson be barred from testifying on grounds that their testimony is

8   cumulative and that defendant's experts be barred from testifying because defendant Medina did

9   not prepare complete records should also be raised in a motion in limine.

10        Turning to plaintiff's request that defendant identify the "standing protocols" referred to

11   in Dr. Barnett's declaration, an expert report ordinarily must contain "a complete statement of all

12   opinions to be expressed and the basis and reasons therefor."  See Fed.R.Civ.P. 26(a)(2)(B).  The

13   expert report must "stat[e] the testimony the witness is expected to present during direct

14   examination, together with the reasons therefor" and "disclose the data and other information

15   considered by the expert and any exhibits or charts that summarize or support the expert's

16   opinions."  See id., Advisory Committee Notes, 1993 Amendments.

17        Plaintiff cites paragraph 10 of Dr. Barnett's report as referring to "standing protocols":

18
19
20   > PA Medina did not substitute his judgment for that of other
   > physicians. The rules governing PA Medina's prescribing allow
   > him to function pursuant to practices established with his
   > supervisor(s).   In 2008, CDCR physicians (all of whom were
21   > designated as PA Supervisors) regarded tramadol as a risky drug on
   > account of its propensity to addict users.   As a non-formulary
   > medication tramadol was also subject to the *rule* that it should be
22   > prescribed only if a demonstrable need exists, and when other drugs
   > on the formulary have been ineffective.  On November 10, 2008,
23   > there was no clear and objective evidence that tramadol was
   > medically necessary after 7 days off the medication.   Thus PA
24   > Medina['s] order to discontinue the prescription was consistent with
   > the *standing protocols* that reflected the prevailing judgment of his
   > physician supervisors.
25

26   (ECF No. 190 at 34.)  (emphasis added.)

27        Defendant is directed to clarify whether the "standing protocols" regarding tramadol

28   referred to by Dr. Barnett were written down and, if so, where.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for an extension of time to file objections to defendant's experts reports (ECF No. 188) is granted;

2.  Plaintiff's motion for an order directing defendant's experts to review additional documents (ECF No. 190) is granted with respect to the request that defendant clarify Dr. Barnett's reference to "standing protocols" in his report; defendant shall file a response to this request within ten days of the date of this order; plaintiff's motion is denied in all other respects;

3.  Plaintiff's motion for leave to supplement his motion for an order directing defendant's experts to review additional reports (ECF No. 191) is denied as unnecessary.

IT IS SO ORDERED.

Dated:  December 16, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

4