UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAKER, | No. 2:09-cv-02757-MCE-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| PEREZ, et al., | |
| Defendants. | |

The Court is in receipt of the Motion to Quash Subpoena (ECF No. 209) filed by Clark Harrison, M.D.  Pursuant to Federal Rule of Civil Procedure 45(c), "[a] subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person" or, "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense."  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other

protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Dr. Harrison moves to quash the instant subpoena, which required him to appear before this Court on Monday, January 5, 2015, because: (1) he is a citizen of Nevada and is thus not subject to the jurisdiction of this Court; (2) he resides in Reno, Nevada, which is beyond the geographical limit set forth in Rule 45(c); and (3) he was served with the subpoena at approximately 5:00 p.m. on December 30, 2014, just prior to a long holiday weekend and only a few days prior to his requested appearance.  Dr. Harrison's Motion is well taken.

First, trial in this case is set to begin on January 12, 2015, not January 5, 2015. Dr. Harrison's presence was not needed on January 5, and any request for him to appear on that date is moot.  More importantly, as a citizen of Nevada and resident of Reno, it does not appear that Dr. Harrison is amenable to this Court's jurisdiction. Further, it appears he resides beyond the geographical restrictions set by Federal Rules for compelling his attendance.  Finally, as described in Dr. Harrison's motion, service on the eve of a holiday weekend seeking to compel his presence shortly thereafter would surely put an undue burden on a practicing physician.  Accordingly, Dr. Harrison's Motion (ECF No. 209) is GRANTED, and the subpoena for him to appear in this matter is QUASHED.

IT IS SO ORDERED.

Dated: January 6, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT