UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BAKER,<br><br>                    Plaintiff,<br><br>     v.<br><br>PEREZ, et al.,<br><br>                    Defendants. | No. 2:09-cv-2757 MCE KJN P<br><br><u>ORDER SETTING SETTLEMENT CONFERENCE</u> |

     Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  The court has determined that this case would benefit from a settlement conference and referred this case to Magistrate Judge Dale A. Drozd to conduct a settlement conference.  (ECF No. 247)  The settlement conference will be set to occur at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #27 on June 18, 2015, at 10:00 a.m.  Plaintiff is to appear by video conference from his present place of confinement.

     A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

     In accordance with the above, IT IS HEREBY ORDERED that:

     1. This case is set for a settlement conference before Magistrate Judge Dale A. Drozd on June 18, 2015, at 10:00 a.m., at the U. S. District Court, 501 I Street, Sacramento,

1

California 95814 in Courtroom #27.

2. Plaintiff is to appear at the settlement conference by video conference from his present place of confinement.

3. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

5. The parties are directed to submit confidential settlement conference statements on or before June 11, 2015, to the following email address: dadorders@caed.uscourts.gov. Plaintiff shall mail his settlement conference statement to Sujean Park, ADR and Pro Bono Program Director, 501 I Street, Suite 4-200, Sacramento, California 95814 so it arrives no later than June 11, 2015. Additionally, each party shall file a Notice of Submission of Confidential Settlement Statement (See L.R. 270(d)). If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e). All parties are required to have principals present at the settlement conference.

////

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences…." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

2

Settlement statements should not be filed with the Clerk of the Court nor served on any other party. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be no longer than five pages in length, typed or neatly printed, and include the following:

a. A brief statement of the facts of the case.
b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and the defenses; and a description of the major issues in dispute.
c. A summary of the proceedings to date.
d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
e. The relief sought.
f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
g. A brief statement of each party's expectations and goals for the settlement conference.

Dated:  February 19, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Bak2757.set

3